## Berreski, Appellant, *v.* Philadelphia Electric Co.

*Negligence—Erroneous charge — Use of word "recklessness"—Automobiles.*

In an action of trespass against a corporation to recover damages for personal injuries caused by the alleged negligence of defendant's chauffeur where it appears that the accident occurred at the crossing of a busy thoroughfare of a city and resulted in serious injuries to a child nine years old, it is reversible error for the court to charge that the plaintiff was obliged to satisfy the jury by the weight of the evidence that the accident occurred exclusively, as the result of the carelessness, recklessness and negligent manner in which the automobile was operated. By using the word "recklessness" the court imposed a degree of proof on the plaintiff that he was not required to bear.

Argued Oct. 12, 1915. Appeal, No. 29, Oct. T., 1915, by plaintiff, from judgment of Municipal Court, Sept. T., 1914, No. 46, on verdict for defendant, in case of Jacob Berreski, by his next friend and father Michael Berreski, and Michael Berreski, in his own right, v. The Philadelphia Electric Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Trespass to recover damages for personal injuries to a child nine years old caused by the alleged negligence of the defendant's chauffeur. Before CRANE, J.

The case turned upon the propriety of the use of the word "recklessness" in the charge.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was portion of charge quoted in the opinion of the Superior Court.

*B. D. Oliensis,* with him *L. Austin Wolfe,* for appellant.—The defendant need not be guilty of recklessness

in order to entitle plaintiff to recover: Gilchrist v. Hartley, 198 Pa. 132; Gress v. Ry. Co., 14 Pa. Superior Ct. 87; Cobb v. Bennett, 75 Pa. 326; Walsh v. U. S., 174 Fed. 615; Times Pub. Co. v. Carlisle Journal Co., 94 Fed. 762; Gustafson v. Chicago, Etc., R. R. Co., 128 Fed. 85; Union Pac. R. R. Co. v. Mitchell, 56 Kans. 324.

*W. Heyward Myers, Jr.,* with him *Morgan, Lewis & Bockius,* for appellee.

OPINION BY ORLADY, J., March 1, 1916:

The defendant secured a verdict in the court below, which the plaintiff appellant, urges was due to an erroneous instruction in regard to the measure of care imposed by law on the defendant's chauffeur. The assignment is to the charge of the court in saying, "In order that the plaintiff may recover a verdict in this case, he is obliged to satisfy you by the weight of the evidence, that this accident occurred exclusively, as the result of the carelessness, recklessness, and negligent manner in which the automobile was operated by the defendant corporation." The jury was properly instructed, that negligence was the failure to exercise that degree of care or caution which an ordinarily prudent man would do under the circumstances, but, in joining the word recklessness, with carelessness and negligence and making it equally important, the court fixed a degree of proof on the plaintiff that has not been required by any of our decisions. The accepted meaning of the word, recklessness, includes carelessness and negligence, but it is generally regarded as a much stronger term, to indicate a wanton disregard of the rights of others—"not recking of consequences, desperately heedless, as from folly, passion or perversity, impetuously or rashly adventurous." (Cent. Dict.) Instead of being the want of ordinary care, it is more nearly the want of any care, and as used in the charge, the jury would be warranted in believing that the plaintiff was required to show, that the

chauffeur was deliberately reckless in operating the car before the defendant would be liable. The accepted definition of negligence is, the omission to do something which a reasonable man, guided by those considerations which ordinarily regulate the conduct of human affairs would do, or the doing something which a prudent and reasonable man would not do; the absence of care according to the circumstances; the failure to observe for the protection of the interest of another person, that degree of care, precaution and vigilance which the circumstances justly demand, whereby such other person suffers injury.

This accident occurred at a crossing of a busy thoroughfare of the city, and resulted in serious injuries to a child nine years of age. There was nothing to obstruct the view of the chauffeur, and the circumstances as detailed by the defendant's witnesses, clearly fixed the duty of the person in charge of the car. The court summarized this duty as follows: "The question here is, if the driver of this machine was driving at a reckless rate of speed, or if he could have prevented the happening of this accident, by exercising the ordinary care that a prudent and careful person would have used under the circumstances, and he did not do so, then he is guilty of negligence and the plaintiff can recover." The plaintiff was not required to establish the driver's recklessness to entitle him to a verdict, and the emphasis placed by the court on the reckless character of his conduct as being the test of his employer's liability would very naturally induce this verdict.

The judgment is reversed, and a venire facias de novo awarded.