## Berreski v. Philadelphia Electric Co., Appellant.

*Negligence—Infant—Automobile—Evidence—Contributory negligence.*

In an action by a boy to recover damages for injuries sustained by being struck by an automobile, where it appears that the boy was between nine and ten years of age at the time of the accident, and between ten and eleven years of age at the time of the trial, and that he had testified as to the speed of the automobile, he may be asked on cross-examination: "Are you accustomed to going

alone on the street?" This question is proper because (1) it is competent to inquire as to plaintiff's experience and familiarity with the dangers of the streets; and (2) because it has a direct bearing on the experience and capacity of the witness .to observe conditions at the time of the accident, and testify to the same at the trial.

*Negligence—Infant—Automobiles—Pleading—Practice, C. P.— Evidence—Municipal Court of Philadelphia County—Contributory negligence.*

In an action brought in the Municipal Court of Philadelphia County established under the Act of June 12, 1913, P. L. 711, to recover damages for personal injuries, the plaintiff cannot recover if in the presentation of his case he discloses that he has been guilty of contributory negligence, and this is so although the defendant has not in his answer set up the defense of contributory negligence as new matter; and in such a case the defendant may produce evidence tending to show that the plaintiff had been guilty of contributory negligence.

In an action to recover damages for personal injuries to a boy between nine and ten years of age at the time of the accident, the question of the plaintiff's contributory negligence, is a question of fact for the jury under proper instructions.

Argued Nov. 1, 1916. Appeal, No. 182, Oct. T., 1916, by defendant, from judgment of the Municipal Court of Philadelphia Co., Sept. T., 1914, No. 46, on verdict for plaintiff in case of Jacob Berreski, by his next friend and father, Michael Berreski and Michael Berreski, in his own right, v. Philadelphia Electric Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Trespass to recover damages for personal injuries. Before GILPIN, J.

At the trial it appeared that plaintiff Jacob Berreski was injured on August 1, 1914, by an automobile belonging to the defendant. At the time of the accident the boy was between nine and ten years of age, and at the time of trial between ten and eleven years of age. He testified as to the speed of the automobile which struck him.

On cross-examination he was asked this question:

"Q. Are you accustomed to going alone on the street?

"Objected to.

"The Court:—Why should not he be accustomed to go alone on the street?　I don't think it is unusual for a boy to go alone on the street.　I will sustain the objection.

"Mr. Myers:—I ask for an exception.

"(Exception noted for the defendant by direction of the court.)"　(1)

The court charged in part as follows:

["This is a case founded on negligence and it is a little different from the ordinary cases of negligence which you have been called upon to try because to a child of tender years contributory negligence cannot be imputed. In other words, the courts have said that a child of tender years cannot be guilty of contributory negligence."]
(2)

["Mr. Myers:—I ask the court to instruct the jury as to contributory negligence.

"The Court:—Gentlemen of the jury, a child of nine years old is presumed to have the same intelligence as a normal child of that age would have and I think I am safe in saying to you that the court will not attribute contributory negligence to a child of nine years old."]
(3)

Verdict and judgment for plaintiff, Jacob Berreski for $1,000, and for Michael Berreski $92.　Defendant appealed.

*Errors assigned* were (1) rulings on evidence; (2, 3) above instructions quoting them.

*W. Heyward Myers, Jr.,* with him *Morgan, Lewis & Bockius,* for appellant.—It is established in Pennsylvania that a child under seven years of age is conclusively presumed to be incapable of contributory negligence, and after seven the presumption of incapacity,

although not irrebuttable, and growing less strong with each year, continues until fourteen, when the presumption of capacity arises: Parker v. Washington, Etc., Rwy. Co., 207 Pa. 438.

The question of contributory negligence on the part of the plaintiff, a boy over nine years of age, should have been submitted to the jury: DiMeglio v. Philadelphia & Reading Ry. Co., 252 Pa. 391; Parker v. Ry. Co., 207 Pa. 438.

*B. D. Oliensis*, with him *J. Austin Wolfe* and *Henry J. Scott*, for appellees.—The plaintiff having been only nine years of age at the time of the accident, he was clothed with a presumption of incapacity to appreciate danger and the consequent want of contributory negligence: Byron v. Cent. R. R. Co. of N. J., 215 Pa. 82; Sullenberger v. Chester Tr. Co., 33 Pa. Superior Ct. 12; Oller v. Bonebrake, 65 Pa. 338; Tanner v. Hughes, 53 Pa. 289.

The defendant was obliged to specifically plead contributory negligence, in order to avail himself thereof.

OPINION BY PORTER, J., July 13, 1917:

Jacob Berreski, a minor, while crossing Bainbridge street, in Philadelphia, was struck and injured by an automobile owned by the defendant company and operated by its employee. This action was subsequently brought to recover for the injuries he was alleged to have sustained. The first trial in the court below resulted in a verdict and judgment in favor of the defendant, which judgment was reversed because of an error in the instruction to jury; Berreski v. Philadelphia Electric Co., 62 Pa. Superior Ct. 62. Upon a second trial there was a verdict and judgment in favor of the plaintiffs, and the present appeal is by the defendant.

Jacob Berreski was, at the time of the accident, between nine and ten years of age, and at the time of the second trial his age was between ten and eleven years.

He was called as a witness by the plaintiffs and testified as to the way in which the accident occurred and the conditions upon the street at the time. While upon cross-examination counsel for defendant asked him this question: "Q.—Are you accustomed to going alone on the street"? The court sustained an objection by the plaintiff to this question, to which ruling the defendant took an exception. We are of opinion that this ruling was erroneous. The witness had testified as to the circumstances under which the accident which produced his injuries had occurred and his testimony disclosed that if the accident had happened under like circumstances to a person having sufficient capacity and understanding to be sensible of danger and to avoid it, the person so injured would have been clearly guilty of contributory negligence. The age of the boy was already in evidence. He had not arrived at the age when he was presumed to have sufficient capacity and understanding to be sensible of danger and to avoid it and he had passed beyond the age when it could be declared by the court that he was immune from a charge of negligence, his negligence, therefore, was a question for the jury. The degree of care and discretion required to be exercised by a child, in cases of this class, is such as is ordinarily to be expected of a child of his age and experience. It was, therefore, competent to inquire as to his experience and familiarity with the dangers of the streets. The evidence ought to have been admitted for another reason; it had a direct bearing on the experience and capacity of the witness to observe conditions at the time of the accident and testify to the same at the trial. The witness had testified as to the rate of speed at which the automobile which struck him was moving. The first assignment of error is sustained.

The learned counsel for appellee contends that the question of the contributory negligence of the boy could not arise under the pleadings in this case. The Act of June 12, 1913, establishing the court below, in its twelfth

section regulates the manner of pleading. "The said statement shall consist of a concise recital of the facts which the plaintiff claims give rise to his cause of action, divided into paragraphs consecutively numbered, only one averment of fact, so far as possible, being included in one paragraph." The defendant is required to file an answer within ten days. "In order to prevent judgment, as aforesaid, defendant must file, within ten days of the service of the summons and statement upon him, as aforesaid, an answer, which shall consist of a series of numbered paragraphs, corresponding to the paragraphs in the plaintiff's statement of his claim, and shall contain an admission or denial of each fact averred; provided that if defendant alleges himself to be ignorant as to the facts averred in any paragraph, he may so state, and place the plaintiff on proof of the same as if they had been denied......After defendant has filed an answer the case shall be at issue, without any formal pleas, unless he sets up new matter in separate numbered paragraphs in addition to those answering plaintiff's averments; in which case plaintiff may within five days thereafter answer the same in the same manner, &c."

The plaintiffs in the present case filed a statement containing five paragraphs. The first paragraph averred that the defendant, as a corporation, was engaged in business in the City of Philadelphia, and for the purposes of its business, operated a certain automobile repair wagon. This paragraph the answer of the defendant admitted to be true. The third, fourth and fifth paragraphs recited only the character of the injuries sustained by the boy and the resulting pecuniary damages, and have no bearing upon the question now presented. The second paragraph, the only one importing liability upon the part of the defendant, was in the following language: "The above defendant, disregarding its duty in the premises, on the first day of August, 1914, at or near the intersection of Second street and Bainbridge street, in the City of Philadelphia, by its servant, agent or employee

did so carelessly and negligently operate and control the
aforesaid automobile repair wagon, that it ran into and
upon the aforementioned Jacob Berreski, thereby caus-
ing the injuries and damages hereinafter mentioned."
The answer of the defendant to this paragraph was,
"(2) The defendant is ignorant of the facts averred in
paragraph 2 of the statement and requires proof of the
same." The plaintiffs had not in this paragraph of the
statement averred any specific act of negligence, such as
the failure to sound a warning or that the car was oper-
ated at a reckless rate of speed, nor did it state what the
plaintiff had been doing at the time of the accident. This
paragraph involved only a general charge that the negli-
gent operation of the automobile had caused the injury
to the boy. The answer of the defendant, averring igno-
rance of the facts, was, under the statute, the equivalent
of a general denial of the second paragraph. The ap-
pellee contends that the appellant could not avail itself
of the contributory negligence of the plaintiff in order
to escape liability under the pleadings. The learned
counsel founds this contention upon the provisions of
the statute with regard to new matter, above quoted. In
determining the effect to be given to the provisions of the
statute referring to the introduction of new matter in
the answer of a defendant, it is proper to consider the
preëxisting law upon the subject. The plaintiff in an
action to recover damages for injuries caused by the
negligence of a defendant or his servant was not required
to aver nor prove that he, the plaintiff, had not been
guilty of contributory negligence, the defendant in such
a case was only permitted to plead the general issue.
But while the plaintiff was not required to aver nor
prove affirmatively, that he had not been guilty of con-
tributory negligence, if, in the presentation of his evi-
dence, it appeared that he was guilty of contributory
negligence, he was not permitted to recover, for the rea-
son that the case which he had presented did not warrant
a recovery under the law.

Prior to this statute the question of contributory negligence was in no manner raised by the pleadings, the defendant under the act regulating practice was not permitted to specially plead it. The legislature knew this to be the law at the time this statute was passed, and if it had been the legislative intention to require that a defendant, in such actions as that with which we are now dealing, should fully state his defense, it is only reasonable to conclude that the intention would have been clearly expressed. The statute as written only requires the defendant to answer the allegations of the plaintiff's statement and the statement in the present case made no definite allegation of the facts upon which the plaintiff intended to rely to establish the liability of the defendant. The words "new matter" in this statute must, therefore, be held to mean matter extrinsic to the cause of action set up in the statement. In actions of assumpsit such new matter might properly be held to be payment, or a claim of set-off arising upon a distinct transaction. In actions of trespass they might include an agreement between the parties as to the amount of the damages and payment thereof, or that the plaintiff had already recovered from another damages for the injuries sustained. It would seem to be very clear that when the plaintiff in the presentation of his own case establishes that he has been guilty of contributory negligence he ought not to be permitted to recover, although the defendant has not in his answer set up the defense of contributory negligence as new matter. We are of opinion that, under the statute and the pleadings in this case, the burden was upon the plaintiff in the first instance to present a case of negligence upon the part of the defendant which did not disclose contributory negligence upon the part of the boy, and that it was, also, the right of the defendant to produce evidence tending to show that the boy had been guilty of contributory negligence.

The second specification of error complains of the language of the court in the charge to the jury, as fol-

lows: "In other words the courts have said that a child of tender years cannot be guilty of contributory negligence." That part of the charge complained of in the third specification of error is substantially to the same effect. The boy was between nine and ten years of age. "He had not arrived at the age when he was presumed to have sufficient capacity and understanding to be sensible of danger and to avoid it, and had passed beyond the age when it could be declared by the court that he was immune from a charge of negligence. His negligence, therefore, was clearly a question of fact for the jury under proper instructions"; Di Meglio v. Philadelphia & Reading Ry. Co., 252 Pa. 391; Sullenberger v. Chester Traction Co., 33 Pa. Superior Ct. 12; Parker v. Washington, Etc., Street Ry. Co., 207 Pa. 438. The specifications of error are sustained.

The judgment is reversed and a new venire awarded.