Klerlein, Appellant, *v.* Fred Werner Company, Inc.

Argued December 11, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*H. H. Krekstein*, of *Cohen, Schweidel & Krekstein*, for appellant.—A salesman who receives an unitemized statement for commissions earned · under a contract and accepts payment in accordance therewith, is not thereby estopped from later seeking recovery of commissions improperly omitted from the statement: McGinn v. Benner, 180 Pa. 396; Rehill v. McTague, 114 Pa. 82; Spangler v. Springer, 22 Pa. 454; Tustin v. Phila. & Reading Coal & Iron Co., 250 Pa. 425; Birdsong v. Coroneos, 78 Pa. Superior Ct. 400; Allegheny County Light Co. v. Thomas, 31 Pa. Superior Ct. 102.

*Henry M. Dubbs, Jr.*, and with him *Henry M. Dubbs*, for appellee.

OPINION BY KELLER, J., February 28, 1930:
The learned court below in entering judgment for the

defendant non obstante veredicto inadvertently fell into error as respects certain facts, which may have affected its action.

(1) The plaintiff did not ask for an accounting, or claim commissions due him in this action, from May, 1920, to April 30, 1925, as stated by the court, but only from July 1, 1924, to April 30, 1925. In his statement of claim he expressly limited his demand to commissions earned since July 1, 1924.

(2) The meeting of stockholders of the defendant company at which it was unanimously resolved that the assets of the company should be sold and the corporation dissolved was not held on April 30, 1926, but April 30, 1925, the same day that the plaintiff sold to Mr. Werner, the president of the company, his entire holdings of stock in the company; and the same day he left the company's employ. This may have been merely an error in typewriting.

(3) There was no proof in the case, by admission or otherwise, that the defendant corporation has ever been dissolved. The proof is that the stockholders on April 30, 1925 voted to do so, but that is only the first step in the dissolution of a corporation, and there is no evidence that the subsequent steps necessary for a dissolution were ever taken and completed. On the contrary, in its affidavit of defense, the defendant admitted that it was an existing corporation on April 21, 1927, and Frederick C. Werner deposed that "he *is* president" of the company. The fact that a stockholder votes to dissolve the corporation has no effect on any indebtedness of the corporation to him. The defendant company was admittedly his debtor at the time in the sum of $1,111.63, which it afterwards, on May 22, 1925, paid him. His present contention is that it owed him more than that amount, because it had failed to credit him with commissions due him. The amount due, whatever it might be, could not be affected by his voting in favor of dissolving the corporation.

which necessarily implied the application of its assets to the payment of its debts before distributing the balance among its stockholders.

The learned trial judge submitted two questions of fact to the jury. (1) Whether under the plaintiff's agreement he was entitled to commissions on all goods sold by the defendant in a particular territory,—all sales within that territory, by whomsoever made—as asserted by him; or only on such goods as were sold by him, as claimed by the defendant's officers; (2) whether when plaintiff received the statements of December 30, 1924 and May 20, 1925, and signed the latter, he knew that they did not include commissions on sales made in his territory by persons other than himself. It was only in case they resolved the first question in the affirmative and the second in the negative that the jury could find a verdict in favor of the plaintiff. Their verdict in his favor establishes (1) that the agreement was as claimed by him, and (2) that he had no knowledge that the statements submitted to him failed to include all items due him under his agreement.

Two "preliminary statements," as Mr. Werner called them, were sent plaintiff covering the period in dispute. Neither of them was itemized or gave any further information than the gross amount of sales on which plaintiff was entitled to 4% commission, the gross amount of sales on which he was entitled to 2% commission, and the payments or advancements made him on account. The first statement, covering the period from July 1, 1924 to December 30, 1924, was sent on December 31, 1924 or January 1, 1925; the second, covering the period from January 1, 1925 to April 30, 1925, was dated May 20, 1925, and was received by plaintiff on May 22, 1925, after leaving defendant's employ. Each statement was a mere summary of total sales during the period, without itemization of any kind, and cannot be held to be an account

444

stated: McGinn v. Benner, 180 Pa. 396; Tully v. Felton, 177 Pa. 344, 352, 357.

The defendant admitted that it had sold goods in the territory claimed by plaintiff from July 1, 1924 to April 30, 1925, through other persons than the plaintiff and that as to these sales no commissions had been allowed the plaintiff in the statements furnished as aforesaid. This being so, and the jury having found that he was entitled to commissions on all sales made by defendant company in that territory, it follows that the plaintiff has not received from the defendant all the commissions he was entitled to; and the jury having also found that the plaintiff did not know that these commissions were not included in the statements so furnished him as aforesaid, the defendant must account to the plaintiff for the proper commissions on such sales as were not covered by said preliminary statements; unless it must be held that the plaintiff is estopped from demanding the same.

The plaintiff had been in the employ of the defendant company and its predecessor in business for many years. Statements were customarily rendered him in the form used in the last two "preliminary statements," though at least once, in 1912, the evidence showed a complete, itemized statement. But the fact that in the past he accepted statements of his commissions which were not itemized, and from time to time signed receipts to such periodical statements in this loose form, did not estop him from demanding an itemized statement, or from questioning the correctness of a statement which he had receipted under the belief that his employer had credited him all that he was entitled to, after he learned or had reason to suspect that they had withheld from the statement sales which should have been included in calculating his commissions.

Assuming as we must, under the verdict of the jury, that the plaintiff was entitled to commissions on sales

made by the defendant through other agencies than the plaintiff, the defendant's officers knew the true state of facts, and knowing them they could not claim an estoppel against the plaintiff because he did not object to statements furnished him, which did not, on their face, show the details from which the omission of part of his credit would appear, and he did not know that they were omitted. "An estoppel can be claimed only by one who has acted in ignorance of the true state of facts": Tustin v. Phila. & Reading C. & I. Co., 250 Pa. 425, 436; Hill v. Epley, 31 Pa. 331. As defendant's general manager and president prepared and sent out the statements they knew what they contained and what they omitted, and they will not be heard to say that although they knew they were incorrect and the plaintiff did not, he is estopped from questioning them when he learns of the erroneous basis of computation.

Three things prevent a ruling as matter of law that the plaintiff knew that the statements of December 30, 1924 and May 20, 1925, did not include sales in his territory by others than himself. (1) The plaintiff could not by checking up his own sales determine whether sales by others were included in the totals; for the evidence was that orders of carpets are taken on the basis of "pieces" or "rolls," and these are not uniform but run from 75 yards to 160 yards each. (2) An examination of his own orders would shed no light on the sales made by other persons in his territory or on office sales to his customers, or "repeat orders" from his customers, as to which last Mr. Werner admitted plaintiff was entitled to commissions. (3) The plaintiff denied having examined the books as to these matters before leaving the company's employ and the bookkeeper of the company, defendant's witness, corroborated this. He could not be held to be estopped merely because he might have obtained the knowledge from sources open to him; he must have *known* the

facts in order to preclude him from afterwards questioning the correctness of the statements. Furthermore the last statement was not made out until nearly one month after he left the company's employ and when he was neither a stockholder nor employee and had no right of access to the books. The evidence showed many requests on his part thereafter for an itemized statement, which was never furnished.

The matters relied on by appellee as ground of estoppel were proper for argument before the jury to assist them in deciding the issues of fact which were necessarily for them; but they did not amount to estoppel in law precluding the plaintiff from questioning the accuracy of the "preliminary statements" furnished him or from demanding an itemized account, including sales acknowledged to have been omitted from them.

As to the "new matter" set up in the affidavit of defense the Act of April 22, 1929, P. L. 627, was not in force when the pleadings were filed, and the Practice Act as then amended, (Act of March 30, 1925, P. L. 84) did not expressly require the affidavit to be endorsed with notice to the plaintiff to file a reply to such new matter within fifteen days. The failure of the plaintiff to deny such new matter by "reply" did not operate as an admission of any averment which was in effect a denial or contradiction of averments in the plaintiff's statement. His failure to reiterate in a "reply" what he had already sworn to in his statement cannot be held to be an admission. Nor did it operate as an admission of inferences or conclusions drawn from other facts averred, even though stated in form as a fact. It is only allegations of *fact* which are held to be admitted. Legal *conclusions* are not admitted by a failure to deny them. Nor is a fact averred as new matter, which is inconsistent with the averments or admissions in the affidavit proper, to be

regarded as admitted because no "reply" is filed by the plaintiff.

It is not necessary to prolong the opinion by further discussion. The jury having found the disputed questions of fact in favor of the plaintiff we are of opinion that the summaries or "preliminary statements" of December 30, 1924, and May 20, 1925, did not amount to accounts stated, so as to bind him by his acceptance of the same and receipting for the balance admittedly due him under the last statement; and that he is not estopped from demanding an itemized account from the defendant in accordance with the agreement relative to his commissions as determined by the verdict.

The first assignment of error is sustained. The judgment is reversed and the record is remitted with directions to enter a judgment that the defendant account to the plaintiff; further proceedings to be had in accordance with Rule 67 of the courts of common pleas of Philadelphia County, adopted pursuant to section 23 of the Practice Act of 1915, P. L. 483: Duggan v. Duggan, 291 Pa. 556.