## Security T. & T. Co. et al., Appellant, v. Welsh and Brown.

Argued December 8, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Stadtfeld, JJ.

*Jay W. Sechler*, for appellant.

*Samuel J. Gottesfeld*, for appellee.

Opinion by Keller, J., March 5, 1932:

Action in assumpsit on a promissory note.

To the plaintiff's statement averring the execution and delivery of the note by the defendants they filed an affidavit of defense admitting such execution and delivery, but setting up by way of "new matter" certain facts which, they claimed, relieved them of liability for its payment.

The plaintiff did not file any assignments of insufficiency to the "new matter" on its merits, but entered a rule to strike out the "new matter" because it should have been headed, "set off" or "counter claim," instead of "new matter;" and simultaneously entered a rule for judgment for want of a sufficient affidavit of defense, on the ground that with the alleged "new matter" excluded from the affidavit no defense to the note was presented by the defendants.

The court below discharged both rules. Plaintiff appealed. The appeal must be restricted to the refusal to enter judgment. The refusal to strike out the "new matter" from the affidavit is interlocutory and not appealable at this time. To avoid unnecessary prolongation of the controversy, however, we have considered the point, and are not convinced that the court below committed error.

Prior to the Act of March 30, 1925, P. L. 84, the plaintiff was not required to reply to "new matter" pleaded in the affidavit of defense, and conversely such new matter pleaded in the affidavit was not taken to be admitted because of the plaintiff's failure to reply to it. The Act of April 22, 1929, P. L. 627, treated the subject at greater length, and after providing that the "defendant may set up in his affidavit of defense, as new matter, any averments which are not contained in the statement of claim and do not merely deny averments thereof," it proceeds to put such "new matter" in the same class with "set off" and "counterclaim,"

as respects the necessity for a separate heading, notice to the plaintiff, plaintiff's reply to it, and its effect unless sufficiently denied by plaintiff, and the offering of any defense by the defendant not set forth in it, etc.; but it was not intended thereby to revive the rigid requirements of special pleading and visit the defendant with fatal consequences if he happened to call his affirmative defense "new matter" instead of "set off." The important thing is that the plaintiff have notice of it so that he can admit or deny it and thus save the requirement of proof or insist upon its being proved, and this he can do just as well whether it be headed "new matter" or "set off."

From the use of italics in his brief we gather that appellant is under the impression that the term "new matter" will not apply to any defense arising *after* the cause of action, but that is not the case. Payment, release, novation, are all proper examples of "new matter," and without attempting to define it, it may be said to include any legal defense, of substance, to the action, other than a traverse, set off or counter-claim. We certainly would not reverse the court below and enter judgment summarily against defendant because he mistakenly called his defense "new matter" instead of "set off."

Had the plaintiff assigned the insufficiency of the affidavit on its merits in the court below, rather than limited his objections to its technical form, we would be inclined to agree with him, but counsel for defendants point out the unfairness of entering summary judgment against them in this court upon a matter not assigned in the lower court, for if it had been so assigned they would have had opportunity to amend and meet the objections to its insufficiency on the merits. We shall, therefore, not pass upon the merits of the "new matter" as a defense to the action.

The order of the court below is affirmed.