## Paschall Oxygen Co. v. International Scrap Iron & Metal Co.

*Robert W. Beatty*, for plaintiff.
*Chadwick, Weeks, Curran & Ives*, for defendant.

MacDade, J., February 16, 1939.—Plaintiff contends in this matter, which is a motion under section 14 of the Practice Act of 1915, as amended, to strike off an affidavit of defense filed by defendant, that it filed a statement of claim based on a written contract between plaintiff and defendant, dated January 3, 1935, for the purchase by defendants from plaintiff of oxygen, and alleged an oral modification of the said contract on September 18, 1935, confirmed by letter of plaintiff to defendant reducing the price of oxygen from $1 plus 5 cents for delivery per 100 cubic feet of oxygen to 95 cents plus 5 cents for delivery. Copies of the written contract and written confirmation of the oral modification were attached.

The statement further sets out the amounts and the dates of delivery of oxygen by plaintiff to defendant under the contracts so modified, showing a total of 181,500

cubic feet delivered, for which the price of $1,815 had not been paid, with the exception of $76.74, leaving a balance claimed of $1,738.26 with interest.

Defendant's affidavit of defense admitted the execution of the written contract and the correctness of the copy thereof attached to the statement. It further admitted the oral modification referred to, and the sale of oxygen to defendant on the dates and in the amounts set forth in the statement of claim.

In support of an averment that the amount claimed was not due plaintiff, defendant averred in paragraphs three, six, and seven that: (1) The written contract was further verbally modified on September 18, 1935, to reduce the price of oxygen to 75 cents plus 5 cents for delivery per 100 feet when the use increased to a certain amount, but not prior to a certain date; (2) that in February 1937 the parties determined that the usage had sufficiently increased and that this modification should take effect as of January 1, 1937; and (3) that at some unstated time it was determined that the reduction was to be credited in the form of a rebate "at the termination of the contract," (presumptively the written contract, which would mean on July 15, 1938). It was finally averred that from March 1938, until June 1938, negotiations took place between the parties, and that in June 1938 defendant was definitely notified by plaintiff that the agreement would not be honored nor the credit allowed unless a renewal contract were executed.

No part of the affidavit of defense was headed "New Matter," no rule to file a reply was endorsed on the affidavit, and nowhere in the affidavit is there any averment as to the identity or authority of the officers, agents, or servants of either plaintiff or defendant, both corporations, who made the alleged agreements and entered into the alleged negotiations.

Plaintiff accordingly moved that the affidavit of defense be stricken off, and the court allowed a rule to show cause, returnable February 6, 1939.

By reference to the record, we find that the reasons assigned for the motion to strike off are: "1. The affidavit of defense in paragraphs numbered six and seven thereof sets forth averments constituting 'New Matter' which is not set out under the heading 'New Matter' as is required by section 14 of the Practice Act of 1915, as amended. 2. The affidavit of defense in paragraphs numbered six and seven thereof sets forth averments constituting 'New Matter' without having endorsed thereon the rule to file a reply thereto required by section 15 of the Practice Act of 1915, as amended. 3. The averments contained in paragraphs numbered three, four, six, and seven of the affidavit of defense are vague, indefinite, and lacking in particularity contrary to the provision of the Practice Act of 1915, as amended, in the following respects, to wit:— (a) The names and authority of the officers or agents of the plaintiff and defendant alleged to have modified in September of 1935 and in February of 1937 the written contract of July 3rd, 1935, are not set forth. (b) The names and authority of the officers or agents of both the plaintiff and defendant alleged to have made a modification of said written contract in March of 1938, and to have negotiated relative thereto from then until June 1938, are not set forth. (c) It is not averred whether the above mentioned alleged modification of said written contract and the alleged negotiations relative thereto were written or oral, and if written, no copy of any part thereof is attached to the affidavit of defense."

The question of whether the averments pleaded by defendant are "new matter" or not, is not in our opinion answered by referring to section 14 of the Practice Act of May 14, 1915, P. L. 483, as amended by the Act of April 22, 1929, P. L. 627, wherein it is stated:

"When a defendant relies upon a set-off, counter-claim, or new matter, he must first answer the averments of the statement of claim, and then set out his set-off, counter-claim, or new matter, under the heading 'Set-off,' 'Counter-claim,' or 'New Matter,' as the case may be."

In order to determine whether new matter has been pleaded we must revert to the decisions of the courts.

Plaintiff has cited the case of Security Title & Trust Co. et al. v. Welsh et al., 104 Pa. Superior Ct. 502. In that case, in answer to plaintiff's statement averring the execution and delivery of a note, defendants filed an affidavit of defense admitting execution and delivery, and setting up certain facts by way of new matter which they claim relieved them of liability for its payment. Plaintiff entered a rule to strike out the new matter because it should have been headed "counterclaim" and entered a rule for judgment for want of sufficient affidavit of defense. The court in that case held that the important thing about pleading "new matter" is that plaintiff have notice of it so that he can admit it or deny it and thus save the requirement of proof or insist upon its being proved. However, in the case at bar the averments of the affidavit of defense raise no "new matter", but in effect bring into issue the terms of the oral modified contract of September 18, 1935, which has been averred and pleaded by plaintiff.

Plaintiff, of course, has notice of the averments of defendant inasmuch as it places in issue the extent of the oral modification already pleaded.

In the case of Groy v. Sinclair Refining Co., 11 D. & C. 666 (1928), a case strikingly similar to the instant case on the question of "new matter," defendant claimed certain credits in an action for commissions sent to plaintiff pursuant to the terms of an agency agreement with him set forth by defendant, and, where it was claimed that such credits were "new matter" requiring a reply, the court held:

"We do not think that these allegations can be considered as new matter. They were a matter of defense under the agreement, so far as these credits were concerned, and the truth of their allegation was an issue of fact to be determined by the jury, even though the plaintiff had not

filed a reply. We believe that the act of assembly did not cover a proposition like this and take away from the jury the determination of these facts."

Finally, it is interesting to note that the Act of 1929, supra, amending the Practice Act, states: "defendant may set up in his affidavit of defense, as new matter, any averments which are not contained in the statement of claim and do not merely deny averments thereof."

Defendant in the present case, of course, is raising the issue of whether the averments contained in the statement of claim fully and completely set out the oral agreement already pleaded, and this therefore relates to averments in the statement of claim.

Plaintiff raises the contention that the "agreement of February 1937" and the agreement with reference to the rebate should be pleaded as either written or oral, and, if written, then that copies are required to be attached to the affidavit of defense. Plaintiff is assuming that the conversation in February 1937, and any conversation held subsequent to September 18, 1935, were in legal effect agreements or contracts. The affidavit of defense, however, merely sets out the full and complete oral modification that was entered into at the time that plaintiff itself has averred that an oral modification was effected. There were no subsequent agreements, nor was any pleaded and therefore it was not incumbent upon defendant to aver any such "new matter" nor to attach copies of any purported agreements as contended is necessary.

Thirdly, plaintiff submits that defendant has not pleaded "all of the material facts" as required by the Practice Act, supra, sec. 5, 12 PS §386, and cites therefore cases in support of its contention.

In answer to this contention it may be stated that defendant, before filing his affidavit of defense, took this matter into serious consideration and arrived at the conclusion that inasmuch as plaintiff, a corporation, had averred that plaintiff corporation and defendant corpora-

tion had entered into a contract, it, plaintiff, must necessarily go forward at the trial and show by what person or persons plaintiff acted at the time the contract was entered into. Inasmuch as defendant merely avers that a fuller and more complete oral modification was entered into than is pleaded by plaintiff, defendant necessarily is pleading that the same parties, whoever they may be, who entered into the admittedly modified contract for plaintiff and defendant, are the very same persons to whom defendant is referring in his pleading.

In support of this line of reasoning, we quote the case cited by plaintiff in his brief, i. e., W. A. Case & Sons Mfg. Co. v. Cerine, 105 Pa. Superior Ct. 458, 461, wherein the court stated:

"The precise question here involved was considered in the case of W. E. Heyser L. Co. v. Whiting L. Co., 62 Pa. Superior Ct. 76. There the affidavit of defense averred an agreement with the defendant 'through its duly authorized agents' and Judge Henderson, speaking for the court, said: 'The general statement that this collateral agreement was made by agents of the company gives no such information of the identity of the agents or of the time, place and circumstances as would enable the plaintiff to know what it was expected to meet at the trial. As corporations must act through representatives it is essential that such representatives be identified by the description of their offices or their particular connection with the corporation.' "

If plaintiff, upon receiving the affidavit of defense, had no knowledge concerning the identity of the agents averred as acting for plaintiff, then it would necessarily be admitted that the affidavit of defense is defective. However, such is not the case at bar, for it cannot seriously be contended that plaintiff does not know the identity of the agents to whom defendant is referring, for these are the identical agents who admittedly had authority to enter into the oral modification that plaintiff has pleaded.