## Weygandt v. Bell Telephone Company

*Rowley & Smith*, for plaintiff.
*Stewart P. McConnel*, for defendant.

McCREARY, P. J., April 5, 1948.—On December 2, 1946, Clinton N. Weygandt, plaintiff, filed a statement of claim against defendant, at the above stated number and term, to recover damages for the personal injuries which he alleges he sustained as a result of the negligence of defendant, the Bell Telephone Company of Pennsylvania. Defendant filed preliminary objections, and the matter came on before the court en banc on regular argument day, and the court overruled the preliminary objections in an opinion filed May 12, 1947 (9 Beaver 145). The allegations of fact set forth in the complaint and the preliminary objections filed thereto by defendant are set forth in detail in said opinion. The court concluded on the authority of Delahunt v. United Telephone & Telegraph Co., 215 Pa. 241, and Fox v. Keystone Telephone Co., 326 Pa. 420, that the complaint of plaintiff was sufficiently specific to require defendant to answer. On July 22, 1947, defendant filed an answer to the merits, wherein it denied that it was the person or corporation by whom the material act resulting in plaintiff's injury was committed, and denied that the injury to plaintiff was the result of defendant's negligence, either by reason of its ownership, possession or control of the instrumentality, namely, the telephone, by means of which plaintiff is alleged to have sustained injuries. Paragraph 7 of defendant's answer reads as follows:

"7. The averments contained in paragraph 7 are denied, and in answer it is averred that any electrical shock received by plaintiff was not caused by an electrical current of high voltage which entered the residence of plaintiff over the wires of defendant company, and that plaintiff was not injured on account of his contact with defendant's telephone."

In addition to defendant's answer denying the commission of any act of negligence on its part, defendant pleaded what he called "new matter". Under the head-

ing "new matter" defendant made the following allegation:

"1. At and before the time, and at the place of plaintiff's alleged injury a severe electrical storm in the vicinity of plaintiff's house was raging, and was accompanied by powerful and dangerous discharges of electricity to the ground at, through and near the plaintiff's residence, all of which plaintiff knew or should have known at the time."

Defendant also endorsed this pleading with a notice requiring plaintiff to plead to the new matter within 20 days from the service thereof. On December 12, 1947, plaintiff filed a præcipe to place the case on the trial list for the week of January 26, 1948, considering the matter to be at issue. On January 5, 1948, defendant filed a motion for judgment on the pleadings, the record showing that plaintiff made no reply to the alleged "new matter" contained in defendant's answer. The matter is now before the court for the second time, on argument of defendant's motion. After due consideration we are satisfied that the motion for judgment on the pleadings must be overruled.

Plaintiff's counsel, Myron E. Rowley, of the law firm of Rowley & Smith, and Stewart P. McConnel, counsel for the defendant, have filed exhaustive briefs of the law on the subject which have greatly aided the court in determining the questions of law involved in the argument.

The questions of law required to be answered, in order to make a proper determination of the case, are well stated by plaintiff in his brief, as follows:

"1. Was the motion for judgment on the pleadings filed too late?

"2. What are the general principles applying to such motions?

"3. Where suit is entered against a telephone company for injuries received while using a telephone and defendant files an answer and sets forth under 'new

matter' that a severe electrical storm was raging at the time and place of the accident;

"(a) Does the new matter set forth an affirmative or negative defense?

"(b) Is a reply required to such new matter?

"(c) Are the allegations under 'new matter' admitted by plaintiff's failure to file a reply?

"4. Where a person is shocked by an excessive current of electricity while using a telephone, is the fact that an electrical storm was in progress at the time, material unless it be proven that the damage was caused by lightning?"

We shall dispose of these questions of law in the order in which they are stated above.

### *Was the motion for judgment on the pleadings filed too late?*

It has been noted above in the history of the case that defendant filed his answer on July 22, 1947, requiring plaintiff to plead to the new matter set forth in defendant's pleading within 20 days from the service thereof, and that plaintiff having failed to reply, and considering the matter at issue, placed the case on the January trial list on December 2, 1947. The motion of defendant for judgment on the pleadings was filed January 5, 1948, after more than five months' delay in making the motion, and after it had been set for trial. Defendant's motion was filed pursuant to Pa. R. C. P. 1034, which reads, inter alia, as follows:

"(a) After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings."

The effect of the present pleading was to delay the trial. The case was on the January trial list and would have been tried then had not the present motion been filed.

Moreover the position of defendant is inconsistent. It alleges that there should have been a reply filed to

its new matter. If so, the pleadings are not closed and its motion is too early.

By analogy to the rule in equity requiring a plaintiff to reply to new matter set up in defendant's pleading, we are of the opinion that in the case we are now considering defendant's only remedy, where a plaintiff fails to reply to new matter within 15 days, is to have an order entered that the facts be taken as admitted: Schmidt et ux. v. Steinacker, 60 D. & C. 597.

There is no question about the fact that defendant's motion we are considering did delay the trial, and it was therefore too late.

*Summary judgment on the pleadings should only be entered in clear cases*

In 4 Standard Pa. Practice 223 it is stated that "such a judgment should be entered only in cases that are clear and free from doubt, or, as is often said, only in clear cases": Holladay v. Fidler, 158 Pa. Superior Ct. 100; Strange et al. v. Philadelphia, 308 Pa. 339. Certainly this is true when it comes to a matter of the court interpreting procedural rules which have been in effect a little more than a year and which have not yet been thoroughly digested through decisions of the courts.

*Do the allegations contained under the heading "new matter" constitute an affirmative defense requiring reply by the plaintiff in a trespass action?*

We are satisfied that plaintiff is not required to file a reply to "new matter" merely because defendant labels an allegation in his answer as "new matter". In order to understand the question of "new matter" in a defendant's answer which requires a reply by plaintiff we have resort to 4 Standard Pa. Practice 463, §4, which reads as follows:

"New matter is matter of defense which is not provable under a denial—that is, matter which is extrinsic to the matter set up in the statement of claim as the

basis of the cause of action, which, under the rules of evidence, the defendant must affirmatively establish, and which must be set out in the affidavit of defense under a separate heading following the answer made to the averment of the statement of claim."

The case of Lenahan v. Miners National Bank, 38 Luzerne 181, makes the following observation:

"Practice Act defines new matter as any averments not contained in statement and which do not merely deny averments thereof. The matter pleaded must bear some direct relation to cause of action. All facts which tend to disprove any one or more of the averments in statement of claim may be offered under general denial, but those which tend to establish defense independent, must be pleaded as new matter, which new matter is not mere denial of old facts set forth in statement."

We believe this to be good law, applicable to the case we are now considering.

The Supreme Court of Pennsylvania, in the case of Moore, admrx., v. Prudential Insurance Co., 342 Pa. 570, was faced with the proposition of determining what is "new matter" in a pleading which requires a reply. In that case the so-called "new matter" was stricken off in the court below, and the Supreme Court affirmed the action of the court below in the following language (p. 572):

"The 'new matter' was properly stricken off. It consisted partly of allegations of law and partly of averments which should have been, and were, included in the body of the affidavit of defense. To such allegations and averments a plaintiff is not obliged to reply: Philadelphia & Reading Coal & Iron Co. v. Tamaqua Borough School District, 304 Pa. 489, 495, 156 A. 75, 76; Wilson & Gardner Co. v. Wilson, 334 Pa. 289, 292, 5 A. 2d 575, 577."

In Wilson & Gardner Co. v. Wilson, supra, the Supreme Court said (p. 292):

"New matter consists of allegations of fact extrinsic to those averred in the statement of claim. It may concede the truth of the facts alleged in the statement, but set up a new set of facts which bars the right of recovery. . . .

"It was not necessary for plaintiff to reply to any matter that should properly have been included within the affidavit of defense."

By making reference to the seventh paragraph of the complaint and the seventh paragraph of defendant's answer, in the case we have under consideration, and comparing the language of the seventh paragraph of the answer with the alleged "new matter" contained in defendant's pleading which he ruled plaintiff to answer, we are satisfied that the so-called "new matter" is merely a rehash of the negative defense contained in paragraph 7 of the answer, and being *intrinsic* to the allegation of negligence set forth in the complaint rather than *extrinsic* to it, it is not the kind of "new matter" which requires a reply by plaintiff.

The Pa. R. C. P. 1045(*b*) is as follows:

"A party who fails to file a responsive pleading shall be deemed to admit all averments relating to the identity of the person by whom a material act was committed, the agency or employment of such person or the ownership, possession or control of the property or instrumentality involved. All other averments shall be deemed to be denied."

At pages 151 and 152 of Goodrich-Amram on Pennsylvania Rules of Civil Procedure we find a comment on the situations in which a reply will be required in a trespass action. They are three in number, as follows:

1. Where defendant files a counterclaim sounding in trespass.

2. Where defendant files a counterclaim sounding in assumpsit.

3. Where defendant files new matter in his answer in accordance with the requirements of rule 1045(c).

We are satisfied that since defendant has not filed a counterclaim sounding in trespass, or a counterclaim sounding in assumpsit, or "new matter" within the meaning of the Procedural Rules, plaintiff was not required to reply thereto, and hence defendant's motion for judgment on the pleadings must be dismissed.

*Are the allegations of fact contained under the heading "new matter" admitted by plaintiff's failure to reply thereto?*

This question is answered in the negative by Pa. R. C. P. 1045(b) set forth in full above. This clause relates to matters intrinsic to the tort itself, and the penalty for failure to deny agency or employment, or ownership or control of the instrumentality is that they are to be taken to be admitted; all other averments shall be deemed to be denied. It is true that affirmative defenses enumerated in Pa. R. C. P. 1030 must be answered by plaintiff when they, or any of them are set forth in defendant's answer under the heading "new matter". These affirmative defenses are enumerated in said rule 1030, as follows:

"The defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations and waiver shall be pleaded in a responsive pleading under the heading 'New Matter'. Any other affirmative defense may be similarly pleaded."

These defenses are all extrinsic to the matters set forth in plaintiff's complaint. A defendant could admit all of the allegations set forth in plaintiff's complaint and still be entitled to a judgment in his favor if any affirmative defense is pleaded by defendant under the heading "new matter". An affirmative defense is one that is extrinsic to the tort which is pleaded by plain-

tiff. The same is not true, however, of something labeled "new matter" by defendant that, upon analysis, appears to be intrinsic to the tort alleged by plaintiff.

Since we have concluded that the "new matter" alleged by defendant in its answer is intrinsic to the tort, we have decided that it is a negative defense and involves plaintiff in no penalty for failure to reply thereto.

*Does the fact that defendant alleges that there was a thunderstorm in progress at the time that plaintiff received his injury take the case out of the doctrine of res ipsa loquitur?*

Nowhere in his pleading does defendant say that the injury which plaintiff received was the result of an act of God. He merely states that at the time plaintiff was injured there was a severe electrical storm in the vicinity of plaintiff's house, which was accompanied by powerful and dangerous discharges of electricity to the ground at, through and near plaintiff's residence. Nowhere does defendant allege that the injuries which plaintiff received were the result of this electrical storm.

Defendant relies now, and relied at the time of the argument of his motion for a more specific statement, on the case of Rocap v. Bell Telephone Co., 230 Pa. 597. That case is only authority for the proposition that when a plaintiff alleges that he was injured by a severe electrical shock while using a telephone instrument belonging to defendant, and then proves by his own testimony and that of his doctor that he was injured as a result of being struck by lightning while using the telephone, he is not entitled to recover. In that case the Supreme Court said (p. 603) :

"It appearing by the plaintiff's testimony that his injuries resulted from the act of God, the maxim has no application, and a presumption of negligence does not arise.

.    .    .    .    .    .    .    .    .    .    .

"Here, the undisputed testimony shows that the plaintiff was injured by a current of atmospheric electricity or lightning against which there is no absolute protection but against which the defendant company tried to protect the plaintiff and others using the telephone by placing on it the best and most efficient protection device then known."

We are satisfied in the case we now have under consideration, that if plaintiff proves by his witnesses the allegations of fact set forth in his complaint, we must submit the question of defendant's negligence to the jury under the doctrine of res ipsa loquitur, under the authority of the cases of Delahunt v. United Telephone & Telegraph Co., 215 Pa. 241, and Fox v. Keystone Telephone Co., 326 Pa. 420. If plaintiff, in making out his case, shows that the injuries he sustained were from lightning or any other act of God, we will take the case from the jury under the authority of the case of Rocap v. Bell Telephone Co., supra. If, however, in making out his case plaintiff does not establish that his injuries were due to lightning or other act of God, but defendant itself produced testimony tending to establish the fact that plaintiff's injuries were an act of God, or were in no way traceable to defendant's negligence, then we will be compelled to submit the question of defendant's negligence to the jury, that body being the proper body for ascertaining what the actual facts in the case are.

In his brief of argument in support of his motion for judgment on the pleadings, counsel for defendant shows that he has made an exhaustive study of the Procedural Rules with particular reference to the requirement for a plaintiff to reply to "new matter" set forth in defendant's answer and the penalty to be imposed for his failure to reply as he is ruled to do.

We are satisfied that the counsel's discussion of rules 1030 and 1045 and the Goodrich-Amram comment on these rules as they relate to actions of trespass is good

law. In an ordinary case in an action of trespass where defendant sets up any of the affirmative defenses enumerated in rule 1030, or any other affirmative defense, plaintiff, even in an action of trespass, is required to reply thereto under penalty of having the allegation of "new matter" taken as admitted. He may thus get a judgment on the pleadings.

The difficulty with defendant's position in the case we are now considering, however, is that what he calls "new matter" in his answer is not actually "new matter". It is a negative defense and is intrinsic to the tort on the basis of which plaintiff files his complaint. No reply to such alleged "new matter" is required by the Rules of Civil Procedure. It is only when defendant files actual "new matter" which is extrinsic to the tort that plaintiff is required to file an answer thereto.