## Meyer v. Morris

*James P. McArdle*, for plaintiff.

*Frederick N. Egler* and *Dickie, McCamey, Chilcote, Reif & Robinson*, for defendant.

ALPERN, J., May 29, 1956.—Defendant Samuel B. Morris' preliminary objection in the nature of a motion to strike is the matter before the court en banc.

Plaintiffs have filed a complaint in trespass against above named defendants. Plaintiffs allege that plaintiff Kathleen M. Meyer, while a business invitee of all defendants, was severly injured. The injuries occurred, according to the complaint, when plaintiff Kathleen M. Meyer was walking through a passageway and up a flight of stairs which connect defendant Samuel B.

Morris' garage to the main entrance level of a commercial building operated by defendants, Charles M. Morris and Norbert Stern. Plaintiffs allege that the passageway and the stairs were, at the time of the accident, under the possession, custody and control of all defendants.

Defendants, Charles M. Morris and Norbert Stern, filed their answer to the complaint. They denied that the passageway and stairs were under the joint control of all defendants. They asserted that the passageway and stairs were, by reason of a lease, under the control of defendant, Samuel B. Morris, solely.

By way of further defense, defendants, Charles M. Morris and Norbert Stern, set out the lease between them and Samuel B. Morris in new matter. The lease contains two clauses by which lessors Charles M. Morris and Norbert Stern are to be saved harmless against any claim arising out of the operation of the garage and are not to be liable for any injury or damage to any person or property arising from the use of the garage.

In a separate answer to plaintiffs' complaint, defendant, Samuel B. Morris, denied that he was in possession, custody and control of the passageway and stairs. Defendant Samuel B. Morris then filed preliminary objections in the nature of a motion to strike. He asks that the new matter of defendants, Charles M. Morris and Norbert Stern, be stricken as impertinent and because it seeks to adjudicate an alleged contractual agreement among defendants.

We think that the argument concerning the adjudication of a contractual relation among defendants is without merit. There is no dispute over the validity or existence of the lease. Plainly, defendants, Charles M. Morris and Norbert Stern, are seeking to use the lease as a defense against the allegation of control

and possession made by plaintiffs. There is no attempt to adjudicate a contractual relation.

Is it proper for the lease to be pleaded in new matter? New matter is said to be ". . . any legal defense, of substance, to the action, other than a traverse, set off or counterclaim": Security T. & T. Co. v. Welsh and Brown, 104 Pa. Superior Ct. 502, 505. This definition was quoted with approval by the Supreme Court in Wilson & Gardner Co. v. Wilson, 334 Pa. 289, 292.

In the same opinion, the Supreme Court further defined new matter as consisting of ". . . allegations of fact extrinsic to those averred in the statement of claim. It may concede the truth of the facts alleged in the statement, but set up a new set of facts which bars the right of recovery . . .": Page 292.

It is the opinion of the court that the pleading of the lease in new matter is perfectly permissible. The lease is not a fact which merely traverses an averment made in the complaint. It is an extrinsic fact material to the defense of Charles M. Morris and Norbert Stern. It bears directly on the matter of possession and control of the passageway and stairs concerned in this case. Thus the lease has a pertinency to the cause of action and qualifies as an affirmative defense under rule 1030.

Both rule 1030 and rule 1045 of the Rules of Civil Procedure have been amended recently. Although the amendments to the rules do not go into effect until July 1, 1956, the trend of thought of the Supreme Court on what constitutes new matter is discernible in the amendments.

Rule 1030, as amended, will read in part as follows:
". . . a party may set forth as new matter *any other material facts which are not merely denials of the averments* of the preceding pleading." (Italics supplied.)

The same sentence has been added to rule 1045 which is concerned with the answer in trespass and new matter therein.

It would appear plain that the amendments are a statement of a liberal construction of what constitutes new matter in an answer. Under the amended rules, new matter may be any material fact which is not merely a denial. The lease pleaded by defendants, Charles M. Morris and Norbert Stern, is certainly within this limitation. The pleading of the lease under new matter is also within the instruction of rule 126, which orders this court to give a liberal construction to the rules in order to secure the just, speedy and inexpensive determination of each action.

Defendant, Samuel B. Morris, contends that to allege the lease in the body of the answer is all right, but to put it under new matter is improper. It is our opinion that it is best not to slow the pace of justice by making her thread her way through a maze of legal entanglements. No one is harmed by the pleading of the lease under new matter. Plaintiffs have been served and have answered the new matter. Plaintiffs have not objected to the pleading of the lease under new matter. We fail to see how defendant, Samuel B. Morris, is prejudiced by the inclusion of the lease under new matter rather than solely in the body of the answer of defendants, Charles M. Morris and Norbert Stern. Even if the new matter were stricken, the lease could still be proved at trial.

The pleading of the lease under new matter is proper, and no party is thereby prejudiced. The preliminary objection of defendant, Samuel B. Morris, will be overruled.

### Order

And now, to wit, May 29, 1956, after hearing and filing of briefs and consideration given to the above entitled case, it is ordered, adjudged and decreed that

the preliminary objections of defendant, Samuel B. Morris, be and hereby are overruled.

Eo die, exception noted to defendant, Samuel B. Morris, and bill sealed.