## Golden v. Tentzer and Schneyer, Appellants.

*Real estate—Sales—Contracts of sale—Deferred payments—Assignments—Assignee's rights.*

Where a contract of sale of real estate provides for a deferred payment of a portion of the purchase money to be secured by a bond and mortgage of the vendee, the latter cannot by an assignment of the agreement compel the vendor to accept the obligation of the assignee instead of that of the original vendee.

An assignee of such a contract cannot compel the vendor to convey to him, and an action of assumpsit against the assignor to recover the money paid for the assignment is his only remedy.

Every man has the right, as far as contracts are concerned, to decide who shall be his debtor or obligor thereunder.

While a party to a contract may assign his rights and benefits

thereunder, he may not, unless the contract so provides, assign his liability thereunder to perform duties involving his personal ability, integrity, credit or responsibility.

Argued October 14, 1927.  Appeal No. 221, October T., 1927, by defendants from judgment of M. C. Philadelphia County, May T., 1924, No. 942, in the case of Ellis Golden v. Jacob Tentzer and Abe Schneyer. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.  Affirmed.

Assumpsit for money paid for the assignment of an agreement for the sale of real estate.  Before KNOWLES and GLASS, JJ.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $472 and judgment thereon.  Defendants appealed.

*Error assigned* was the judgment of the Court.

*Benjamin Sork,* of *Blumberg and Sork,* for appellants.—The contract was assignable: Kramer v. Arthurs, 7 Pa. 165; Brown v. Devitt, 131 Pa. 455; Chew v. Barnet, 11 S. & R. 389; LaBelle Coke Co. v. Smith, 221 Pa. 642; Vernon v. Wilson, 31 Pa. Superior Ct. 257; Kerr v. Day, 14 Pa. 112; Napier v. Darlington, 70 Pa. 64.

*Bertram K. Wolfe,* of *Aarons, Weinstein & Wolfe,* for appellee.—A contract made in reliance upon personal responsibility is not assignable: Dobkin v. Landsberg, 30 D. R. 124; Rice v. Gibbs, 40 Neb. 264; Montgomery v. Depicot, 153 Cal. 509; Houchin v. Salyards, 155 Iowa 608.

OPINION BY GAWTHROP, J., December 15, 1927:

One Sheplan entered into a written contract to sell a certain piece of real estate in the City of Philadelphia

to Tentzer, one of defendants, for $4,600, payable thus: "Three hundred ($300) Dollars on the signing of this agreement......and the balance......as follows, subject to first mortgage for three years (Purchase money mortg.) at six per cent. $2500 subj. to B/L Mortgage, $1500 balance in cash at time of settlement." The agreement bound the parties and their heirs, executors, administrators and assigns for its performance within 45 days from its date, time to be the essence of the agreement, unless extended by mutual consent in writing. The vendee in the agreement was acting for himself and Schneyer, the other defendant. Sheplan received the down money and delivered the agreement to Tentzer, who, acting for himself and Schneyer, on January 16, 1924, assigned by writing endorsed thereon all their right, title and interest in and to said agreement to plaintiff for a consideration of $400, which was then and there paid. Plaintiff notified defendants and Sheplan to appear at the Peoples Bank & Trust Company in Philadelphia on February 23, 1924, at 11 A. M. for settlement. Plaintiff and Sheplan appeared, but defendants did not appear. Plaintiff tendered to Sheplan for execution a deed conveying title to him and the purchase price in cash. Sheplan refused to sign the deed, stating as his reason therefor that he was entitled to get a purchase money bond and mortgage executed by his vendee in accordance with the terms of his contract. Plaintiff sued for the amount he paid for the assignment of the agreement of sale, on the ground that there was a failure of consideration. All the facts above stated are either admitted or established by the verdict for plaintiff.

Appellants' sole complaint on this appeal is that there was error in refusing to give binding instructions in their favor and in dismissing their motion for judgment n. o. v. Their contention is that since they assigned to plaintiff all their right, title and interest in and to the agreement, which by its terms is binding on

the assigns of the parties thereto, and guaranteed nothing, and there is no allegation of fraud, accident or mistake or defective title, they can have no further responsibility under the agreement. With this we cannot agree. While it is undoubtedly true that an ordinary agreement for the sale of real estate may be assigned by the vendee, the material question arising out of the facts of this case is whether plaintiff, the assignee of the vendee in the present contract, can compel the vendor to convey to him. If he cannot, his only remedy is in the present suit. The legal principle applicable is that while a party to a contract may assign his rights and benefits thereunder, he may not, unless the contract so provides, assign his liability thereunder to perform duties involving his personal ability, integrity, credit or responsibility. So it has been held that where a party agrees to convey to another by warranty deed a tract of land, the title to which is in a third person, a warranty deed of the third person will not be sufficient, as the party who was to receive the deed had the right to have the personal responsibility of him who made the agreement behind the covenants of warranty in the deed: Hussey v. Roquemore, 27 Ala. 281; Crabtree v. Levings, 53 Ill. 526; Rudd v. Savelli, 44 Ark. 145. The general rule seems to be that where a contract of sale of real estate provides for a deferred payment of a portion of the purchase money to be secured by a bond and mortgage of the vendee, the latter cannot by an assignment of the agreement compel the vendor to accept the obligation of the assignee, instead of that of the original vendee: Rice v. Gibbs, 40 Neb. 264; Montgomery v. DePicot, 153 Cal. 509; Hounchin v. Salyards, 155 Iowa 608. The rule was concisely stated by Judge Stern of Court of Common Pleas No. 2 of Philadelphia in Dobkin v. Landsberg, 30 Dist. Reps. 124, in these words: "Every man has the right, as far as contracts are concerned, to decide who shall be his debtor or obligor thereunder." We

are not impressed by appellants' argument that because the agreement provided only for the giving of a mortgage by the vendee and did not mention a bond the question of the personal credit of the vendee is not involved.   In our opinion the provision for the mortgage contemplated the giving of a bond in accordance with the general custom in such cases.   As plaintiff cannot enforce the contract which was assigned to him because the vendor had the right not only to refuse a cash consideration, but also to secure an investment in the form provided for in his agreement, the consideration which was to pass from defendants under the assignment wholly failed.   It follows that the court below did not err in refusing binding instructions in favor of defendants, nor in overruling their motion for judgment n. o. v.

The judgment is affirmed.