Saxe *v.* Feinstein (et al., Appellant).

Argued November 27, 1950. Before DREW, C. J., STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Samuel E. Kratzok,* with him *Howard R. Detweiler,* for appellant.

*Sydney C. Orlofsky,* with him *Jerome L. Markovitz* and *Horace Michener Schell,* for appellees.

OPINION BY MR. CHIEF JUSTICE DREW, January 2, 1951:

Plaintiffs, Samuel Saxe and Israel Saxe, instituted this suit in trespass in the Court of Common Pleas No. 5 of Philadelphia County to recover $33,575.46 for damages to their buildings which they alleged were due to the negligence of defendants, Cambria Iron & Metal Company and Benjamin Lessner Co., Inc., (hereinafter referred to as Lessner). At the close of the pleadings, defendant Lessner filed a motion for judgment on the pleadings and, from a dismissal of that motion, Lessner now appeals.

In their complaint, plaintiffs averred that Lessner orally agreed with them to remove certain heating equipment, consisting of boilers and generating machines, from plaintiffs' premises and to credit to plaintiffs the money received from the sale of these units against the cost of new equipment to be purchased by plaintiffs from Lessner. It was further alleged that Lessner agreed to conduct the demolition at its own risk and without damage to plaintiffs' property. Subsequently, continues the complaint, Lessner and one Pomerantz entered into a written contract wherein it was stipulated that Pomerantz was to perform the demolition work and pay Lessner the sum of $3,250 for the equipment removed. In addition plaintiffs were to be saved harmless from all damage that might be incurred in the demolition and Pomerantz was to repair any such damage at his own expense. Before any work was done by Pomerantz, however, defendant Cambria Iron & Metal Company (hereinafter referred to as Cambria), under the terms of an agreement of which plaintiffs allege they have no knowledge or information, undertook the performance of the original contract. While so engaged, workmen employed by that company, using acetylene torches, set fire to certain por-

tions of buildings comprising plaintiffs' plant on two occasions and caused considerable damage thereto.

Defendant, Lessner, in its answer, denied that it entered into an oral contract with plaintiffs, that it had any knowledge of the existence of an agreement under which Cambria was to perform the work of demolition or that it was negligent, as alleged by plaintiffs, in not supervising the employees of Cambria to a degree necessary to safeguard plaintiffs' property. Under the heading, new matter, Lessner again denied making any oral agreement and alleged that its only contract with plaintiffs had been a written agreement which provided that plaintiffs were to allot to Lessner scrap material, valued at $3,250, in exchange for a credit in that amount, or whatever higher price the material might bring on the market, toward the purchase of new heating equipment. Lessner further alleged that, by a subsequent agreement, composed by plaintiffs, but signed only by Lessner and Pomerantz, Pomerantz agreed to pay Lessner a minimum of $3,250 for the scrap material and the right to remove same. Plaintiffs filed a reply in which they averred that the statements contained in Lessner's answer, under the heading new matter, were not properly new matter within the meaning of Rule 1030 of the Pennsylvania Rules of Civil Procedure and that they, therefore, were not obliged to respond. Lessner thereupon moved for a judgment on the pleadings contending that this did not constitute a reply; that plaintiffs must be held, under Rule 1029 (b) of the Pennsylvania Rules of Civil Procedure, to have admitted Lessner's allegation under new matter that the written agreement was the only contract between itself and plaintiffs. Therefore, continued Lessner, it was not under any duty to safeguard plaintiffs' property from the negligence of Cambria's employees and plaintiffs consequently have no basis of complaint. Fol-

lowing argument a final order was entered dismissing the motion.

The contention of Lessner that the defense set forth in its answer under the heading new matter is an affirmative one and properly pleaded under Rule 1030 of the Pennsylvania Rules of Civil Procedure is clearly erroneous. The pleadings which may be set forth under new matter are in the nature of the common law plea of confession and avoidance: *Wilson & Gardner Co. v. Wilson*, 334 Pa. 289, 5 A. 2d 575; *Janco v. John Hancock Mut. Life Ins. Co.*, 160 Pa. Superior Ct. 230, 50 A. 2d 695. This averment of Lessner does not affirm the alleged oral contract with plaintiffs but denies it and offers in its stead a contract different in terms and form. This cannot possibly be construed to be a pleading of confession and avoidance. It is merely responsive to the averments of plaintiffs' complaint and, under our rules of procedure should have been set forth in the answer.

Defendant Lessner further contended that plaintiffs' complaint failed to allege any relationship between Lessner and Cambria which imposed a duty upon Lessner to supervise the work performed by the employees of Cambria. We cannot agree with this contention. While a party to a contract may assign his rights and benefits thereunder, he may not, unless the contract so provides, assign his liability under the contract to perform duties involving his personal ability, integrity, credit or responsibility: *Golden v. Tentzer & Schneyer*, 92 Pa. Superior Ct. 202.

In their complaint plaintiffs alleged an oral contract to be performed at Lessner's risk and without damage to plaintiffs' property. By this allegation they averred an undertaking involving Lessner's affluence and ability and have thereby pleaded facts which would support a finding that a non-delegable duty to protect

plaintiffs' property from harm during the demolition was imposed upon Lessner by the terms of the contract. Having sufficiently averred this duty plaintiff was under no obligation to allege a further relationship between Lessner and Cambria since that liability of Lessner continued irrespective of who was the final assignee of the original contract.

Lessner, by its answer, admitted the execution of the agreement with Pomerantz delegating the right to demolish and remove the heating equipment and did not aver that it was unaware that the contract had been assigned to Cambria or that Cambria started, and continued to completion, the work to be performed under the terms of the original contract. Lessner merely denied that it had any knowledge of an agreement permitting Cambria to perform the work or that it had ever executed the original contract with plaintiffs. These pleadings raise questions of fact which can only be decided at a trial of the issue. The learned court below therefore properly dismissed the motion for judgment on the pleadings: See *Rhodes v. Terheyden*, 272 Pa. 397, 116 A. 364.

Order affirmed.