204

## Hayden v. City of Philadelphia et al.

*H. O. Weinberg*, for plaintiff.

*Abraham L. Freedman*, city solicitor, and *Israel K. Levy*, assistant city solicitor, for City of Philadelphia, defendant.

*H. R. Detweiler* and *Frank R. Ambler*, for additional defendant.

ALESSANDRONI, J., July 21, 1952.—This was an action in trespass against defendant city to recover for personal injuries sustained by the negligent failure to maintain a sidewalk. The city defendant joined Getz as an additional defendant averring, inter alia, that Getz owned and controlled the premises involved in the injury. Getz thereupon filed an answer denying liability, and under new matter, denied having control of the premises. Defendant city was ruled to reply to the new matter. Preliminary objections to the rule to reply and requesting that the words "New Matter" be stricken were filed by the city.

The narrow question presented is whether or not the denial of control, with the further averment of a lease and a tenant in control thereunder, constitutes an affirmative defense. If so, then it is properly pleaded

as new matter under Pa. R. C. P. 1030, and the defendant city must reply thereto.

An affirmative defense is in the nature of a common-law plea of confession and avoidance, i.e., the facts are admitted as averred, and new facts, which if established would avoid the legal liability which would ordinarily follow the admission, are pleaded. An illustration of this plea is the defense of payment. The debtor admits the debt and then avers that it is paid. Thus, it will be observed that the fact of payment is extrinsic to the allegations of the complaint. And so it is generally with affirmative defenses. The facts are admitted and new facts are averred which avoid the liability asserted. See Wilson & Gardner Co. v. Wilson, 334 Pa. 289.

In Saxe v. Feinstein et al., 366 Pa. 473, judgment on the pleadings for failure to reply to new matter was denied. There the answer denied the existence of the contract averred in the complaint and pleaded a different one under new matter. It was clear that such averment did not "confess" the original contract and then "avoid" it by averring new facts. The averment was intrinsic to the allegations of the complaint and should have been pleaded in the answer, i.e., the denial of the contract as pleaded was not a confession but a traverse.

Applying these rules to the instant case we find that additional defendant Getz has not admitted ownership and control, and then pleaded facts that would avoid the asserted liability. Instead, under new matter he has pleaded a traverse of defendant city's allegation of control. Thus, the traverse is directed at an intrinsic fact in the allegation of the complaint. The lack of control that defendant seeks to establish is a matter of defense to the averment of control. It is a defense, but it is not an affirmative defense. If the benefits of rule 1030 are to be obtained, one must meet

the requirements thereof, namely, one must first confess before he can avoid. Getz has not done so.

Therefore, it is unnecessary for the city to reply to matter which should properly have been pleaded within the answer.

### Order

And now, to wit, July 21, 1952, the preliminary objections of defendant City of Philadelphia are sustained. It is further ordered:

(a) That the words "New Matter" be stricken from the answer filed by additional defendant Getz, wherever they appear therein.

(b) That the notice to defendant City of Philadelphia to plead to the alleged new matter be stricken from the record.