## Tate v. Bartifay

Before Thompson, Soffel and Montgomery, JJ.

*Bowytz & Bowytz*, for plaintiff.

*Robert Palkovitz*, for defendant.

MONTGOMERY, J., January 13, 1954.—We have before us plaintiff's rule for judgment on the pleadings, which rule is limited to count no. 1 in the bill of complaint. Briefly, the facts are as follows:

Defendants in writing agreed to sell to plaintiff, Ernest H. Tate and his wife, Juanita T. Tate, certain real estate in the Borough of Eden Park, Allegheny County. Part of the consideration was to be deferred and secured by the execution and delivery of a purchase money bond and mortgage in the sum of $2,500. Before delivery of the deed and purchase money bond and

mortgage, Juanita T. Tate and plaintiff were divorced and the interest of Juanita T. Tate was assigned by her to plaintiff who now by this proceeding seeks to compel specific performance of the contract and to secure a deed to him alone upon the delivery of a purchase money mortgage in the sum of $2,500, to be executed, likewise, by him alone.

Defendants are resisting the action because of failure on the part of plaintiff to strictly comply with the agreement and also because plaintiff has not tendered a bond and mortgage executed by Juanita T. Tate in addition to himself.

The objections pertaining to strict performance of the contract are trivial and insufficient; however, the objection that the purchase money mortgage is not fully in compliance with the contract seems to have merit. Such a defense was sustained in Golden v. Tentzer and Schneyer, 92 Pa. Superior Ct. 202, wherein it is stated:

"Where a contract of sale of real estate provides for a deferred payment of a portion of the purchase money to be secured by a bond and mortgage of the vendee, the latter cannot by an assignment of the agreement compel the vendor to accept the obligation of the assignee, instead of that of the original vendee."

This is true even though the agreement provides that the grantor shall convey to the grantee, his heirs, executors, administrators and assigns. The principle is affirmed in Saxe v. Feinstein et al., 366 Pa. 473.

We are, therefore, of the opinion that since plaintiff has not alleged a tender of a bond and mortgage as contemplated by the parties when the agreement was made that he is not entitled to judgment on the pleadings. For that reason the rule for judgment will be discharged without prejudice to plaintiff to amend his bill of complaint or otherwise pursue the matter.

*Order of Court*

And now, to wit, January 13, 1954, the within matter having come before the court en banc after oral argument and consideration of briefs the motion ex parte plaintiff for judgment on the pleadings in re count no. 1 is refused.