Alice S. POWELL, Appellant,

v.

ALASKA MARINE EQUIPMENT, INC., and
Harold Johnson, Appellees.

No. 1009.

Supreme Court of Alaska.

April 25, 1969.

William H. Fuld, Kay, Miller & Libbey, Anchorage, for appellant.

Daniel A. Moore, Jr., Delaney, Wiles, Moore & Hayes, Anchorage, for appellees.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

Appellant was a passenger in a snowmobile being driven by appellee Harold Johnson in an area adjacent to appellant's motel in Talkeetna. The snowmobile nosed down over a river bank and came to a sudden stop, resulting in injuries to appellant. She brought this action for damages against appellees, claiming negligence on Johnson's part. A jury returned a verdict for appellees and appellant then brought this appeal.

Appellant's first point is that it was error for the court to submit to the jury the

question of whether she was contributorily negligent. Appellant likens this situation to one involving a passenger in an automobile where, appellant contends, it would be error to instruct on contributory negligence unless the passenger had particular knowledge of dangerous conduct on the part of the driver or particular knowledge of a dangerous condition. We need not decide in this case whether the law of contributory negligence as it has been developed in cases involving automobiles traveling on highways [1] would be pertinent to or would govern cases involving snowmobiles being operated, not on highways, but across the countryside. Suffice it to say here that using appellant's test, there was evidence from which a jury could find that appellant did have particular knowledge of a dangerous condition and that her failure to warn Johnson of it would be something less than the exercise of reasonable prudence for her own safety.

The accident took place in January at about 9:00 p. m. It was a dark night, a light snow was falling and there was a faint moon. Appellant was an experienced snowmobile operator. She was familiar with the general terrain over which she and Johnson were traveling. She had never seen Johnson in Talkeetna before and did not know, and did not inquire, whether he was familiar with the terrain.

Appellant knew of the existence and location of the river channel where the accident occurred. She was seated in front of the snowmobile, with Johnson operating it in the rear. She testified that she could see the trees in the river channel and knew that the machine was headed in the direction of the river. She said that she did not warn Johnson that they were headed toward the river channel because she assumed that he would turn before reaching the river.

From this evidence one might reasonably infer that appellant had particular knowledge of a dangerous condition—the likelihood of the snowmobile being driven over the bank of the river—a knowledge which Johnson may not have had because of his unfamiliarity with the area, the fact that it was dark, and the fact that he was in the rear of the machine behind appellant. From such an inference it would be fair to conclude that a reasonably prudent person in appellant's situation would have warned Johnson of the danger of going over the river bank with the result, in all probability, that the accident would have been avoided. Assuming that there was negligence on Johnson's part in driving over the river bank, the failure of appellant to give an appropriate warning could be considered as her failure to exercise reasonable prudence for her own safety when she perceived the danger involved if Johnson were to negligently fail to turn the machine before reaching the river bank. This could be contributory negligence on appellant's part.[2] The facts justified submitting that issue to the jury.

Appellant speaks of a duty of care owed by a possessor of land to a business invitee, as stated in section 343 of the Restatement (Second) of Torts.[3] She asks us to adopt and apply a rule that where a possessor of land, charged with negligence by an injured business invitee, raises the defense of contributory negligence on the latter's part, more evidence of contributory negligence must be produced than in a case where the injured party occupies a status other than that of a business invitee.

1. 5 Blashfield Automobile Law and Practice §§ 215.1 et seq. (3d ed.1966).

2. Leavitt v. Gillaspie, 443 P.2d 61, 66 (Alaska 1968).

3. This section reads as follows:
   A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

   (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
   (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
   (c) fails to exercise reasonable care to protect them against the danger.

If the adoption of such a rule were desirable, it could not be applied in this case. The reason is that there is no evidence that the land over which the snowmobile traveled was possessed by appellees. Neither of the appellees has been shown to be a "possessor of land", within the meaning of section 343 of the Restatement (Second) of Torts,[4] and therefore appellant could not occupy the status of a business invitee of appellees.

In its instruction on contributory negligence the court used the term "proximate cause". In another instruction the court defined that term as meaning "that cause which, in natural or probable sequence, produced the injury complained of." Appellant contends that this definition of proximate cause, when considered in relation to the instruction on contributory negligence, permitted the jury to find that appellant's mere presence on the snowmobile as a passenger was evidence of contributory negligence and the cause of appellant's injuries.

■ We do not agree. The jury was told that appellant would be guilty of contributory negligence if the jury should be satisfied that appellant failed to take such precautions for her own safety as an ordinarily prudent person would have taken under like or similar circumstances, and if such failure was a proximate cause of the injury, i. e., was "the cause which, in natural or probable sequence, produced the injury complained of." There is nothing here which infers that appellant's mere presence on the snowmobile was evidence of contributory negligence.

Appellant contends that such an inference arises from the court's remarks at the beginning of the trial when it was briefly informing the jury what the case was all about as disclosed by the pleadings of the parties. In part, the court said:

> They [appellees] have claimed that damages that the plaintiff may have suffered were the result of her own contributory negligence or that she knowingly assumed a known risk. * * *

Appellant argues that these remarks could easily be interpreted to mean that contributory negligence was the same thing as assumption of risk, and that since appellant had assumed the risk of injury by riding on the snowmobile the jury was bound to find her guilty of contributory negligence.

■ The defense of assumption of risk was raised in appellees' answer to appellant's complaint. That is why it was mentioned by the court at the beginning of the trial. But the instructions to the jury, which set forth the applicable law of the case, made no mention of assumption of risk.[5] It is not to be presumed that the jury would apply some legal principle not included in the instructions. We do not believe that the jury was misled by the court's reference to the subject of assumption of risk in discussing, at the beginning of the trial, what the parties were contending in their pleadings.

Appellant's last point is that the law of contributory negligence should be abandoned in favor of a principle of comparative negligence. Under the latter doctrine the negligence was not as great as the negligence of the defendant. Damages recoverable by a plaintiff would be in proportion to freedom from fault; they would be diminished in proportion to the amount of the negligence attributable to the plaintiff.

---

4. The term "possessor of land", as used in section 343 of the Restatement (Second) of Torts, is defined in section 328E of the Restatement as follows:

   A possessor of land is
     (a) a person who is in occupation of the land with intent to control it or
     (b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or
     (c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b).

5. In Leavitt v. Gillaspie, 443 P.2d 61, 67–69 (Alaska 1968) we disapproved of the concept of assumption of risk.

The basis for this appeal is that error was committed by the trial court and, therefore, the judgment should be reversed. In arguing that the doctrine of comparative negligence should be adopted, appellant is really urging that the court below erred in giving an instruction on contributory negligence and not instructing the jury on comparative negligence. But this was not brought to the attention of the trial court. Appellant's proposed instructions included nothing on comparative negligence, and no objection was made because of the failure of the court to give such an instruction. In these circumstances we shall not consider such a point raised for the first time on appeal.[6]

The judgment is affirmed.

---

6. Mitchell v. Knight, 394 P.2d 892, 897 (Alaska 1964).