## Watson, Appellant, *v.* Zanotti Motor Company, Inc.

Argued April 14, 1971.   Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*William C. Robinson,* with him *Henninger & Robinson,* for appellant.

*Lee C. McCandless,* with him *McCandless, Chew & Krizner,* for appellee.

OPINION BY HOFFMAN, J., June 22, 1971:

In January 1970 plaintiff-appellant went to the defendant-appellee's place of business for the purpose of inspecting and test-driving a snowmobile on a course laid out on appellee's premises.   A charge of $2.00 was paid for the privilege of making the test drive.   Appellant told an employee that he had no previous experience with snowmobiles, so the employee started the vehicle and showed appellant how to use the throttle and brake.   Appellant then went out on the course, which unknown to him, because of the thawing and refreezing of snow, had developed a number of icy patches.   The treads of the machine caught in the ice in one of these

spots, tipping the snowmobile over and causing appellant severe injuries.

A complaint in trespass was filed alleging the above facts and claiming that appellee was negligent in failing to warn appellant of the dangers of ice and in maintaining such a dangerous course. Appellee filed preliminary objections that the complaint failed to state a cause of action. The lower court, after argument, sustained the preliminary objections and dismissed the complaint with prejudice. The court held as a matter of law that the dangers on the course were known or obvious, and that "[t]he operation of these snowmobiles is a risky business. An operator takes the course as he finds it." This appeal followed.

The law in Pennsylvania is clear that "[i]n determining whether a demurrer should be sustained and the complaint dismissed the question presented is whether, on the facts averred, the law says with certainty that no recovery is possible. . . . In considering the demurrer, every well-pleaded material fact set forth in the complaint, as well as all inferences reasonably deducible therefrom, must be taken to be admitted. . . . [I]f there is any doubt as to whether the demurrer should be sustained, such doubt should be resolved in favor of refusing to enter it. . . ." *Hoffman v. Misericordia Hospital,* 439 Pa. 501, 503-504, 267 A. 2d 867, 868 (1970) (citations omitted).

The lower court characterized the issue in this case as one of "assumption of risk." "In order to assume the risk of a danger, . . . there must be knowledge of the danger." *Whitley v. Philadelphia Transportation Company,* 211 Pa. Superior Ct. 288, 293, 234 A. 2d 922, 925 (1967). Appellee had the burden of proving assumption of risk, *Sarne v. Baltimore and Ohio R.R.,* 370 Pa. 82, 87 A. 2d 264 (1952). However, in the procedural posture of this case the allegations in the com-

plaint that appellant knew nothing about snowmobiles or the presence of the ice patches must be taken as true. Even if it may be said that snowmobiles are "inherently risky" and the danger of ice was "obvious", we must assume that appellant did not know this. Thus, he could not have assumed the risk of operating the machine. As one court has noted, to the innocent observer a snowmobile, "if carefully operated, would appear to pose no more of a hazard than that encountered while riding in a taxi, train, or trolley car." *Ujifusa v. National Housewares, Inc.,* 24 Utah 2d 219, 469 P. 2d 7, 9 (1970).

The lower court erred in deciding this case on the basis of assumption of risk since the situation correctly falls within the category of contributory negligence. This categorization is in line with the decisions of other courts in snowmobile cases. See, e.g., *Reed v. AMF Western Tool, Inc.,* 431 F. 2d 345 (9th Cir. 1970) ; *Powell v. Alaska Marine Equipment Co.,* 453 P. 2d 407 (Alaska, 1969).

"One who fails to observe a dangerous condition plainly visible and nevertheless proceeds without regard to his own safety must be held guilty of contributory negligence as a matter of law." *Knapp v. Bradford City,* 432 Pa. 172, 174, 247 A. 2d 575, 576 (1968). However, appellant has alleged that he did not know of the condition of the track or that it was dangerous, and there was no evidence that the particular conditions were plainly visible. Appellant may have been reckless or imprudent in not looking out for his own safety, but whether he acted as a reasonable and prudent man in not observing possible dangers was a question for the jury, not the judge. Appellant should be given the opportunity to prove to a jury the allegations of appellee's negligence contained in the complaint.

The order of the lower court is reversed with a procedendo.

WRIGHT, P. J., would affirm on the opinion of Judge DILLON.