Pisiechko, Appellant, *v.* Diaddorio.

Submitted March 20, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Natale F. Carabello, Jr.,* for appellant.

*Richard F. Furia,* for appellee.

OPINION BY HOFFMAN, J., September 23, 1974:

This appeal is from a judgment on the pleadings in favor of the defendant-appellee in a dispute involving

an alleged breach of an Agreement of Sale of Real Estate.

On August 12, 1968, the parties herein entered into an Agreement of Sale for the purchase of certain premises located in the City of Philadelphia. As an express condition of the Agreement, the buyer was obligated to secure a Mortgage in the amount of $16,000.00 in partial payment of the purchase price.[1] If the buyer could not obtain a Mortgage, the Agreement provided that the Agent for the seller would attempt to do so. The date of settlement was specified as "on or before November 29, 1968."

Prior to settlement, the buyer informed the seller that he had been unsuccessful in his attempts to obtain a Mortgage. Without directing the Agent to secure the Mortgage or to indicate an intention to obtain financing from other sources, the buyer appeared on the date and place of settlement with the full purchase price in hand. Defendant did not appear and five days later, returned the buyer's down payment in the amount of $1,000.00. Buyer accepted and cashed the check in the amount of the down payment.

Three years later, on October 14, 1971, the buyer filed a Complaint in Assumpsit, claiming that he sustained consequential business losses because of the seller's breach of the terms of the Agreement. The seller filed a timely Answer denying a breach on his part and denying any knowledge of the business losses claimed by the buyer. In addition, the seller filed New Matter, endorsed with notice to plead within 20 days, setting forth that:

---

[1] The purchase price agreed upon by the parties was $26,000.00. Buyer tendered a check in the amount of $1,000.00 as down payment; the balance was to be paid at settlement with the buyer delivering an additional $9,000.00 in cash and the remaining $16,000.00 to derive from mortgage funds.

"8. Plaintiff failed to comply with all the terms and conditions of the aforesaid agreement and in particular failed to obtain a first mortgage as per the terms of the agreement . . . which was a condition precedent to the sale.

"9. As a result of plaintiff's failure to comply with all the terms of the aforesaid agreement, defendant by check . . . did refund plaintiff's down payment of $1,000.00 . . .

"Plaintiff did waive all alleged rights to recover this cause of action when he did accept such refund as above alleged."

The New Matter raises the affirmative defenses of failure of consideration and waiver. Plaintiff, however, chose not to answer any portion of defendant's New Matter. Instead, fifteen months later, on January 5, 1973, plaintiff filed a Certificate of Readiness and a Petition for Listing as a Major Case, alleging that discovery was at an end, and that the matter was ready for trial. Defendant filed an answer to the petition setting forth again the defense of failure of consideration. No reply was made to this answer. On May 16, 1973, four months later, defendant moved for a judgment on the pleadings. Argument was heard on July 23, 1973 by the Honorable ROBERT V. BOLGER of the Common Pleas of Philadelphia County. On the day before the hearing, plaintiff handed the Court an affidavit and memorandum of law for the first time stating that he had come to the settlement with the full purchase price, and setting forth the basis for his claimed losses as a result of the breach. Following argument, Judge BOLGER granted defendant's motion for judgment on the pleadings. This appeal followed.

Appellant first contends that the matters raised in defendant's pleading labelled as "New Matter" were, in truth, mere denials to the original Complaint requiring no answer. *Saxe v. Feinstein,* 366 Pa. 473,

77 A.2d 419 (1951). The term "New Matter" embraces matters of confession and avoidance as understood at common law, and has been defined as matter which ". . . taking all of the allegations of the complaint to be true, is nevertheless a defense to the action." 4 Standard Pennsylvania Practice 186, Section 110 (1955). The appellee by his Answer and New Matter did not deny the existence of the Agreement and in fact concurred in the averment that it was a valid contract. The New Matter, however, by setting up defenses of failure of consideration and waiver, describes those pertinent facts which would permit the appellee to avoid liability under the contract.

Pa. R.C.P. 1030 states some, but not all of the affirmative defenses that must be averred by way of New Matter: "All affirmative defenses including but not limited to the defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, *failure of consideration,* fraud, illegality, immunity from suit, impossibility of performance, laches, license, payment of release, res judicata . . . *shall be pleaded* in a responsive pleading under the heading 'New Matter'.

"A party may set forth as 'New Matter' *any other material facts which are not merely denials of the averments of the preceding pleading."* (Emphasis added).

We believe that the New Matter set forth by the appellee was not a mere denial of the averments appearing in the Complaint, but constituted clear affirmative defenses within the meaning of Rule 1030. Under the law, New Matter pleading " 'is designed to compel a plaintiff to answer the defendant's affirmative defenses during the pleading stage to avoid an unnecessary trial. If the plaintiff answers inadequately, a motion for judgment on the pleadings may be filed.' Goodrich-Amram, Standard Pennsylvania Practice (1972 Supplement), §1030-1 at 308, citing Ruhe v. Kroger Com-

pany, 425 Pa. 213, 228 A.2d 750 (1967)." *Chivers, Jr., et al. v. School District of Mt. Lebanon, et al.,* 6 Comm. Ct. 622, 625-6, 297 A.2d 187 (1972). In the instant case, plaintiff's failure to answer New Matter permitted the lower court to treat the averments contained therein as admitted, and therefore, a judgment on the pleadings was properly entered.[2]

Appellant urges this Court, however, to apply the policy considerations enunciated in Pa. R.C.P. 126: that the rules should be interpreted liberally and that we *"may* disregard any error or defect of procedure which does not affect the substantial rights of the parties." Rule 126 is, of course, discretionary; and, while the power to disregard or set aside procedural rules exists, we may weigh other countervailing considerations inherent in the concept of the Rules of Civil Procedure, i.e., the rules were designed to promote the fair and efficient administration of justice.

Thus, while we are not bound by the strict time limitations or form requirements as prescribed by the Rules, this Court recognizes the right of a defendant to rely on the stability of judgments and have an end to litigation instituted against him. This is especially true where, as in the instant case, the serious delays and failures to act or reply lack justification or reason. If the buyer was harmed by the inability to purchase the subject premises, why did he accept and cash a check for the down payment? Why did he then wait three years before instituting an action against the

---

[2] While it is true that plaintiff was not compelled to answer that portion of New Matter which stated the legal conclusion that his acceptance of the deposit monies constituted a waiver, the averments setting forth the factual basis for the conclusion raised an affirmative defense. Furthermore, the defense of failure of consideration in the plaintiff's inability to obtain a Mortgage prior to settlement was a matter requiring reply.

seller?[3]  Why after the prompt reply of the seller to his Complaint did the plaintiff-buyer fail to either respond or object to defendant-seller's New Matter?  Why after defendant's objection to his petition for a major case listing, filed fifteen months after defendant's New Matter, did plaintiff fail to respond to the same defenses as raised in New Matter?  We do not find the plaintiff herein so free from fault in pursuing the prompt, fair and full determination of the issues raised by the pleadings, that he may now oppose the trial court's entry of a judgment on the pleadings by asking this Court to allow this late amendment or reply to New Matter that was forthcoming nearly three years ago.

Pa. R. C. P. 1034 provides:

"(a)  After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.

"(b)  The court shall enter such judgment or order as shall be proper on the pleadings."

In this case, it was the plaintiff who filed a Certificate of Readiness and Petition for Major Case Listing, asserting that the pleadings should be closed and the matter listed for trial.  Once having done so, defendant was able to move for a judgment on the pleadings.  In determining the merits of the motion, the trial court, as required by law, restricted his determination to the

---

[3] This is not to say that plaintiff was late in bringing an action in assumpsit.  This Court is cognizant of the right of a party to institute an action in assumpsit arising from a breach of a contract for the sale of real estate within five years of the alleged breach.  12 P.S. §83.  We believe that plaintiff's actions or inactions during the period of time beginning with his acceptance of the return of deposit monies until argument on defendant's motion for a judgment on the pleadings, taken as a whole, demonstrate such indifference or neglect that the time factors at each stage take on critical significance.

over-all examination of the pleadings, including the un-
answered New Matter deemed to be admitted. Our
Supreme Court has held that only the pleadings may
be consulted and any reference to other material con-
stitutes error. *Goldman v. McShain,* 432 Pa. 61, 247
A. 2d 455 (1968); Goodrich-Amram, supra, §1034(a)-2.

Finally, even had the lower court admitted the
amendment of the Complaint to include the basis for
plaintiff's claim for consequential damages as a result
of the breach, we must nevertheless conclude that this
would not have entitled the plaintiff to recovery. Plain-
tiff avers in his Affidavit that prior to the execution of
the Agreement of Sale the parties had discussed plain-
tiff's plans to sell his business and to relocate a service
station to the subject premises. Plaintiff avers that
this fact was understood by the defendant when the
parties executed the Agreement. Plaintiff states that
he sold his business in reliance on the performance of
that Agreement and the conveyance of property on the
date of settlement. He claims, therefore, that he suf-
fered consequential and considerable business losses as
a result of his sale of the business and his inability to
relocate.

An examination of the Agreement discloses an in-
tegration clause, which provides: "THIS AGREE-
MENT contains the whole agreement between the par-
ties hereto and there are no other terms, obligations,
covenants, representations, statements or conditions,
oral or otherwise, of any kind whatsoever." The ex-
istence of this clause prevents the plaintiff from asking
the Court to consider negotiations or discussions not
appearing within the four corners of the Agreement.
To do so would be a violation of the parol evidence
rule. *Edwin J. Schoettle Co. Appeal,* 390 Pa. 365, 372,
134 A. 2d 908 (1957). As plaintiff has not alleged
fraud in the execution of the Agreement or that such
negotiations were conducted under fraudulent circum-

stances, we find no reason for finding an exception to the parol evidence rule in the instant case. See, *National Cash Register Co. v. Modern Transfer Co., Inc.,* 224 Pa. Superior Ct. 138, 302 A. 2d 486 (1973).

By his Complaint, the plaintiff sought to recover consequential damages as a result of an alleged breach of contract by the defendant. He did not claim any direct loss from the breach, but only that certain business losses were incurred as a consequence of the breach. The parol evidence rule bars the introduction of any claims or evidence of prior or contemporaneous agreements, representations or negotiations not made a part of the executed Agreement of Sale. As the defendant, in his Answer, denied knowledge of these "special circumstances", he may not be held liable for such losses. Plaintiff likewise failed to reply to defendant's affirmative defenses as set forth in New Matter. Having failed to do so over a period of fifteen months, plaintiff was deemed to have admitted the truth of those defenses and may not now enter his reply.

We find no abuse of discretion in the trial court's decision to enter a judgment on the pleadings in favor of the defendant.

Order affirmed.