## Cottrell v. Morrow

*Louis Orocofsky*, for plaintiff.
*Gary Kleitman*, for defendants.

GUARINO, *J.*, April 28, 1978—This matter is before me on preliminary objections in nature of a

demurrer and for more specific pleadings. The preliminary objections also challenge the propriety of the service and venue.

A complaint in assumpsit for recovery of legal services was filed on February 15, 1977. Deputized service was made of the complaint by the Bucks County Sheriff at defendants' place of business in Quakertown, Pennsylvania, on March 1, 1977. On March 21, 1977, defendants filed preliminary objections, challenging the service of the complaint upon them in Bucks County and the venue in Philadelphia. A demurrer and a request for more specific pleadings were also included. Acting on these preliminary objections, Judge Richette entered the following order:

"AND NOW, to wit, this 3rd day of June, 1977, upon consideration of the Preliminary Objections, and upon Motion of Gary Kleitman, Esquire, attorney for Defendants, Allen Morrow and Sarah Morrow, it is ORDERED AND DECREED that the Preliminary Objections are sustained and Plaintiff is given leave to file an Amended Complaint within 20 days from the date hereof under penalty of non-pros."

Pursuant to this order, plaintiff has filed his amended complaint. Defendants have renewed verbatim the original preliminary objections.

Plaintiff's first contention is that defendants are estopped from again raising the challenge to venue and service; that the question of venue and service was resolved by Judge Richette's order of June 3, 1977. An issue once resolved between the litigants and unappealed becomes res judicata between the parties: In Re Estate of Tower, 463 Pa. 93, 343

A. 2d 671 (1975); Pisiechko v. Diaddorio, 230 Pa. Superior Ct. 295, 326 A. 2d 608 (1974).

It is clear that the order of Judge Richette granting plaintiff the right to amend resolved the challenge to the venue and service. A court cannot presume to hear and decide an issue between the parties unless it has jurisdiction over the subject matter and the persons to be bound. In their previous preliminary objection, defendants did raise and did challenge venue in Philadelphia and the propriety of the deputized service in Bucks County. Although Judge Richette's order does not specifically declare on the issue of venue and service, it does, by ordering an amendment, impliedly recognize the appropriateness of the venue as well as the service.

Where a defendant files preliminary objections challenging the jurisdiction of the court over his person because of improper venue and service and the sufficiency of the cause of action and the court enters an order sustaining the objections but allows plaintiff leave to amend the complaint, the court has by necessary implication decided that venue and service were proper. This is so because a court cannot hear and decide a matter at issue unless it has acquired jurisdiction over defendant by service of process within the limits of its authority as expressed in the law or in the rules of court. See Dorsch v. Jenkins, 243 Pa. Superior Ct. 300, 365 A. 2d 861 (1976); Nicolosi v. Fittin, 434 Pa. 133, 252 A. 2d 700 (1969); Salay v. Braun, 427 Pa. 480, 235 A. 2d 368 (1967); Slezynger v. Bischak, 224 Pa. Superior Ct. 552, 307 A. 2d 405 (1973). Had the court found service to have been improper, it would have dismissed the complaint. Had the court found service to have been properly made but that the

venue was improper, it would have transferred the case to the appropriate county within the state. Where a preliminary objection to venue is sustained and there is a court of proper venue within the state, the action shall not be dismissed, but shall be transferred to the court of that county: Pa.R.C.P. 1006(b). That Judge Richette did neither, is a clear indication that she resolved the question of venue and service in favor of plaintiff.[1]

---

1. In my view, the service was bad and the venue was improper: Venue—Pa.R.C.P. 1006(a): ". . .[A]n action against an individual may be brought in and only in a county in which he may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law. (b) Actions against the following defendants, except as otherwise provided in Subdivision (c), may be brought in and only in the counties designated by the following rules: defendants who are non-residents or conceal their whereabouts, Rule 2078; . . ."

Pa.R.C.P. 2078(a): "An action [against non-residents, Pa.R.C.P.2077(a)(1)] shall be commenced in and only in: (1) a county in which defendant may be personally served; or (2) the county in which the cause of action arose. (b) An action [against non-residents, Pa.R.C.P. 2077(a)(2)] shall be commenced in and only in (1) a county in which defendant may be personally served; or (2) the county in which the cause of action arose, or if the cause of action arises out of business in which defendant was engaged with the Commonwealth, any county in which defendant is engaged in business."

Service—Pa.R.C.P. 1009: "(b) When defendant is an individual, the writ of summons, or the complaint if the action is commenced by complaint, may be served (1) by handing a copy to defendant; or (2) by handing a copy (i) at the residence of defendant to an adult member of the family with which he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or (ii) at the residence of defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at

Preliminary objections afford an appropriate procedure for raising the question of jurisdiction over the person: Thomas v. McLean, 365 Pa. 526, 76 A. 2d 413 (1950). By filing preliminary objections, one does not submit to jurisdiction, but failure to appeal a ruling on a question of jurisdiction over the defendant personally is a waiver: see Act of March 5, 1925, P.L. 23, sec. 3, as amended June 3, 1971, P.L. 131, sec. 1, 12 P.S. §674. See also Busillo v. Silvers, 10 D. & C. 2d 344 (1956); Thomas v. McLean, supra. We agree with plaintiff. The issue of venue and service was previously litigated by the parties; the resolution of the issue is merged in Judge Richette's order of June 3, 1977. That issue cannot be relitigated, and defendant is estopped from relitigating it.

The preliminary objection to the sufficiency of the amended complaint, however, is an entirely different matter. Obviously, the amended complaint could not previously have been subjected to the standards upon which its adequacy depends.

---

which he resides; or (iii) at any office or usual place of business of defendant to his agent or to the person for the time being in charge thereof. (c) Service upon the following individual defendants may also be made as provided by the following rules: . . . a non-resident or a person who conceals his whereabouts, Rule 2079; . . . ”

Pa.R.C.P. 2079(a): “If an action [against non-residents, Pa.R.C.P. 2077(a)(1)] is commenced in the county in which the cause of action arose, process may be served upon the defendant personally or by having the sheriff of said county send by registered mail, return receipt requested, a true and attested copy of the process: (1) to the Secretary of the Commonwealth, accompanied by the fee prescribed by law, and (2) to defendant at his last known address with an endorsement thereon showing that service was made upon the Secretary of the Commonwealth.”

Thus, defendants are not precluded from renewing their objection to its sufficiency and specificity: See 2 Goodrich-Amram 2d. §1017(b):1.

A preliminary objection in the nature of demurrer tests the sufficiency of a cause of action: Pa.R.C.P. 1017(b)(4). In determining whether a plaintiff has alleged an assumpsit action against a defendant, the demurrer admits as true all the properly pleaded averments in the complaint: Borden et al. v. Baldwin et al., 444 Pa. 577, 281 A. 2d 892 (1971); Reardon v. Wilbur, 441 Pa. 551, 272 A. 2d 888 (1971); Watson v. Zanotti Motor Co., Inc., 219 Pa. Superior Ct. 96, 280 A. 2d 670 (1971).

The constituent parts of a contract are (1) the offer, (2) the acceptance, and (3) the consideration or performance.

Here, the demurrer admits the following facts: That defendants orally engaged the services of plaintiff as their lawyer and promised to pay a retainer of $250 per week, a $100 per diem for in court services, and $500 for each preliminary hearing attended; that pursuant to this agreement, plaintiff rendered legal services in the amounts and sums listed in the exhibits attached; that despite demands for payment, defendants have refused to pay.

All the essential elements of a cause of action in assumpsit are met, the allegations of fact, the promise, the acceptance, the consideration and the performance, and the failure of defendants to pay. Therefore, the demurrer must be refused.

To withstand the double challenge of a demurrer and lack of specificity a pleading must not only allege all the material facts upon which a cause of action lies, but it must plead each fact in a concise and summary form: Pa.R.C.P. 1019(a); Muratore

v. Holowiak, 54 D. & C. 2d 610 (1972); Franklin Sugar Refining Co. v. Eiseman et al., 290 Pa. 486, 139 Atl. 147 (1927). Averments of time, place and items of special damages are to be specifically stated: Pa.R.C.P. 1019(f). There is no merit to defendants' contention that the facts are not so set forth in the instant complaint. The time when the contract was entered into, the offer and acceptance, the consideration, the rate of pay, the time of performance and billings are specifically set forth.

Accordingly, the court enters the following

## ORDER

And now, April 28, 1978, it is ordered and decreed that all the preliminary objections are dismissed. Defendants are granted leave to file a responsive pleading within 20 days from service hereof.