## Shay v. Parabia

*Richard S. Campagna,* for plaintiff.

*Thomas B. Helbig, Melissa A. Scartelli,* and *Michael Perry,* for defendants.

O'MALLEY, *J.,* February 8, 1991 — Plaintiff in this case, Wanda Shay, filed a complaint, the first count of which was directed at Perin Parabia, M.D., and the second of which was against Community Medical Center. The matter sounded in tort with the first count incorporating that of the intentional infliction of emotional distress and the second alleging, not negligent infliction of emotional distress, but negligence in the sense that because of such negligence "CMC allowed circumstances to exist under which such an incident [involving Parabia and the plaintiff] could occur." Plaintiff's brief at 4.

The pertinent language is as follows:

### "Count I"

"(4) On or about August 1, 1989, plaintiff was admitted to CMC as a surgical patient.

"(5) On August 1, 1989, as plaintiff lay on a stretcher, preparatory to entering the operating room for surgery, she was approached by Dr. Parabia who began berating plaintiff and verbally abusing her in an offensive and obnoxious manner.

"(9) Dr. Parabia's conduct was uninvited and highly offensive to plaintiff and caused plaintiff to become extremely agitated and emotionally upset."


### "Count II"


### (Incorporating the paragraphs of count I by reference)

"(11) The incident set forth in count I hereof occurred due to the negligence of defendant, CMC, in that defendant, CMC . . . [Here followed allegations of failing to properly supervise staff physicians; to properly look into the mental character of its staff physicians; and negligently allowing Parabia access to plaintiff knowing the doctor was prone to engage in the conduct that she did.]"

Both defendants responded to the complaint with preliminary objections, each setting forth a demurrer as their basis.

The law in Pennsylvania is clear that in determining whether a demurrer should be sustained and the complaint dismissed the question presented is whether, on the facts averred, the law says with certainty that no recovery is possible. *Watson v. Zanotti Motor Company*, 219 Pa. Super. 96, 280 A.2d 670 (1971). A demurrer admits every well-pled

material fact set forth in the complaint as well as all inferences reasonably deducible therefrom, but not conclusions of law. The law does not provide a "magic formula" to determine the sufficiency of a plaintiff's complaint; however, the law is clear that a demurrer can only be sustained in a case free from doubt. *Pike County Hotels Corp. v. Kiefer,* 262 Pa. Super. 126, 396 A.2d 677 (1978).

The preliminary objections of both defendants will be granted.

### *Parabia's Preliminary Objections*

### *Intentional Infliction of Emotional Distress*

It is for the court to determine, in the first instance, whether defendant's conduct can reasonably be regarded as so extreme and outrageous so as to permit recovery. *Dawson v. Zayre Department Stores,* 346 Pa. Super. 357, 499 A.2d 648 (1985); *Daughen v. Fox,* 372 Pa. Super. 405, 539 A.2d 858 (1988). It is not enough that the allegations of the complaint support a finding that the defendant's conduct was outrageous. The court must also ascertain whether the defendant's conduct also can be viewed as extremely outrageous. *Field v. Philadelphia Electric Co.,* 388 Pa. Super. 400, 565 A.2d 1170 (1989).

"So far as is possible to generalize from the cases, the rule which seems to have emerged is that there is liability for conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind. The requirements of the rule are rigorous and difficult to satisfy." *Prosser and Keeton on Torts* at 60-1 (5th ed. 1984).

The plaintiff must necessarily be expected and required to be hardened to a certain amount of rough language, and to acts that are definitely inconsiderate and unkind. *Prosser and Keeton on Torts, supra,* at 59. The complained-of conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society, and where the requisite outrageous conduct is not alleged, dismissal of the claim on preliminary objections is appropriate. *Buczek v. First National Bank of Mifflintown,* 366 Pa. Super. 551, 531 A.2d 1122 (1987); *Gordon v. Lancaster Osteopathic Hospital Association,* 340 Pa. Super. 253, 489 A.2d 1364 (1985). Major outrage is essential to the tort; and the mere fact that the actor knows that the other will regard the conduct as insulting or will have his feelings hurt is not enough. *Lazor v. Milner,* 346 Pa. Super. 177, 499 A.2d 369 (1985).

The facts herein presented do not, as a matter of law, show extreme and outrageous conduct. *Doe v. Dryer-Goode,* 389 Pa. Super. 151, 566 A.2d 889 (1989).

## CMC's Preliminary Objections

### Negligence

In her brief plaintiff states she is not contending CMC negligently inflicted emotional distress (the tort partner of intentional infliction of emotional distress) but rather the hospital was negligent in the sense it allowed circumstances to exist under which such an incident, as averred, could occur. Plaintiff's brief at 4. She goes on to argue that the principle involved here is the same one under which hospitals have been held responsible for the negligence of an incompetent surgeon who is not a hospital em-

ployee. Plaintiff cites no cases for this latter proposition but we grant that there are apparent exceptions to the general rule that there is no vicarious liability upon the employer for the torts of an independent contractor if indeed this is what the plaintiff is driving at.* See *Prosser and Keeton on Torts, supra,* §71. For instance, where a doctor is an independent contractor if the patient accepts treatment in the reasonable belief that there is an agency relationship the ostensible master is liable. *Capan v. Divine Providence Hospital,* 287 Pa. Super. 364, 430 A.2d 647 (1981).

But in the present case, (and the plaintiff says so in her complaint), Parabia was in no way connected with her medical care and treatment. Plaintiff is not condemning the hospital in its capacity of a medical provider specifically but in its general capacity of an employer who brought aboard a bad apple as an independent contractor. Even if plaintiff could make a case to fit under an exception to the rule forbidding vicarious liability in these circumstances, the fact remains we have found, as a matter of law, that there was no tort committed, under the facts alleged, by the independent contractor Parabia. With no negligence on the latter's part, there can be none on CMC's part.

## ORDER

Now, February 8, 1991, for the reasons set forth in the accompanying opinion, the preliminary objec-

---

* Plaintiff indicates that Parabia was on the "staff" of CMC without further explaining what connection with CMC being on the "staff" involves. Physicians in private practice with staff privileges are generally considered not to be servants of the hospital. *Brown v. Moore,* 247 F.2d 711 (3d Cir. 1957).

tions of defendants in the nature of demurrers are granted; the complaint is dismissed as to both defendants.