**Watt v. Konstanti**

*R. Charles Thomas,* for plaintiffs.
*Marcia Haller,* for defendant Kalis Konstanti.
*Natalie Dwyer Hailer,* for defendants Stylianos D. Krontiris and National Freight Inc.

JIULIANTE, *P.J.,* December 31, 1992—There are two matters before the court at this time. These include preliminary objections of defendant, Krontiris, to plaintiffs' complaint, and a motion of defendants, Konstanti and National Freight, to dismiss and/or for entry of judgment

of non pros or, in the alternative, motion for judgment on the pleadings.

This action was initiated by writ of summons on August 29, 1980. The writ was re-issued by the Erie County Court of Common Pleas, Office of the Prothonotary, on October 27, 1980. At that time, service was made upon defendants, Konstanti and National Freight. No other action was taken until January 25, 1989, when plaintiffs filed their complaint.

Five months later, on May 21, 1989, defendant, Krontiris, filed his preliminary objections to plaintiffs' complaint, and defendant, National Freight, filed its answer and new matter. Thereafter, on June 13, 1989, and by leave of court, National Freight filed an amended answer and new matter. On September 27, 1989, defendant, Konstanti, filed his answer and new matter. All pleadings properly contained a notice to plead pursuant to Pa.R.C.P. 1018.1.

Until April 28, 1992, the docket shows no activity in the case. On that date, all defendants, by and through their respective counsel, filed a certificate of inactivity with the Erie County Court of Common Pleas. The certificate of inactivity was filed in accordance with Pennsylvania Rule of Judicial Administration 1901, and Erie County Local Rule 310. These rules allow for the termination of a case where the matter has been inactive for an unreasonable period of time. See Pa.R.J.A. 1901, and Erie County Local Rule 310. Plaintiffs' counsel was properly served with the certificate of inactivity.

On June 29, 1992, this court entered an order dismissing plaintiffs' case, with prejudice, for failure to prosecute. Shortly thereafter, it came to the court's attention that

on June 19, 1992, plaintiffs' filed a praecipe to place the matter on the next jury trial list. Apparently upon filing, the plaintiffs' praecipe was sent to the court administrator's office rather than to the docketing clerk in the prothonotary's office. By the time the praecipe had been returned to the prothonotary's office, the order dismissing the case had been entered. Learning of what had transpired, the court, *sua sponte,* vacated the dismissal order dated June 29, 1992. See order of July 22, 1992.

Thereafter, on July 31, 1992, defendants Konstanti and National Freight Inc. filed the instant motion to dismiss and/or for entry of judgment of non pros or, in the alternative, motion for judgment on the pleadings. Argument on the motion was held October 15, 1992.

Preliminarily, both parties agree that defendant Stylianos D. Krontiris was not properly served with the writ of summons or the complaint in trespass. Therefore, the court lacks personal jurisdiction over Mr. Krontiris and he must be dismissed from the action.

In *James Brothers Co. v. Union Banking and Trust Co. of DuBois,* 432 Pa. 129, 247 A.2d 587 (1988), the Pennsylvania Supreme Court held that:

"a court may properly enter a judgment of non pros ... when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses." *Id.* at 132, 247 A.2d at 589.

In the case at bar, the standards set forth in *James Bros.* clearly have been met. This action was commenced

by a writ of summons in 1980. The actual complaint was not filed until 8 1/2 years later. Plaintiffs failed to answer defendants' new matter, and are now precluded from doing so as plaintiffs have certified the case is ready for trial. The last docket entry prior to the certificate of inactivity (filed April 27, 1992) was September 27, 1989. This case has been ongoing for approximately 12 years and the plaintiffs cannot be said to have prosecuted this case with due diligence. Furthermore, the reasons for the delay offered by the plaintiffs do not rise to the level of "compelling." Rather, the plaintiffs argue that defendants could have compelled the filing of the complaint sooner or initiated discovery. Unfortunately for plaintiffs, it is not the duty of the defendants to see that the case moves forward. "As a matter of common fairness, he who brings another into court should prosecute the claim against him with reasonable diligence...." *Potter Title & Trust Co. v. Frank,* 298 Pa. 137, 148 A. 50 (1929). By way of further argument, plaintiff states the full extent of his injuries are yet unknown and it would be unfair to put him out of court until such time as his injuries are fully understood. The third argument raised is that plaintiffs have been involved in a worker's compensation claim regarding the same incident.

The court finds these arguments do not reach the compelling standard. If the court allowed the argument that litigation should be suspended until the full extent of injuries are known, absurd results would abound. A case could conceivably last decades, thereby destroying the philosophy of prompt determination of court matters. Such a determination would be fundamentally unfair to defendants who would be subject to the delays without justification. Furthermore, in the complaint, plaintiffs

have included "further medical, dental, hospital and related services" as to those damages for which plaintiffs should recover. In addition, plaintiffs have not offered any reason for the delay for the time period between plaintiff's last back surgery (March of 1991) and the filing of the certificate of inactivity (April 1992). Finally, an outstanding worker's compensation claim does not preclude plaintiffs from pursuing a claim against the alleged original tortfeasors.

The third prong of the *James Bros.* standard requires the delay to have caused prejudice to the defendant, *James Bros., supra.* The Pennsylvania Supreme Court recently determined that very issue. See *Penn Piping Inc. v. Insurance Co. of North America,* 529 Pa. 350, 603 A.2d 1006 (1992). In *Penn Piping,* the court held that "in cases involving a delay for a period of two years or more, the delay will be presumed prejudicial for purposes of any proceeding to dismiss for lack of activity on the docket." *Id.* at 356, 603 A.2d at 1009. Plaintiffs' argument that this presumption is irrebuttable fails when one reads *Penn Piping.* There, the court specifically addressed whether the presumption had been rebutted and whether there were compelling reasons for the delay. See *Penn Piping, supra.* Furthermore, defendants have been prejudiced by the delay in that some employment records are now unavailable and that an initial treating physician has passed away and subsequent physician reports are based solely on plaintiff's recollection of his injuries.

As stated previously, plaintiffs have failed to demonstrate compelling reasons why this court should overlook the delay. Therefore, defendants' motion for non pros is granted.

Had the inactivity issue not been present or decided differently, the court would have been compelled to find in favor of the defendants on the motion for judgment on the pleadings.

Plaintiffs' counsel has certified the pleadings are closed in this matter. Plaintiffs failed to reply to defendants' new matter which set forth factual allegations in support of their affirmative defenses. Pennsylvania Rule of Civil Procedure 1029 states that averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implications. Rule 1029(d) states that those averments to which no response is required are deemed denied. See Pa.R.C.P. 1029. While it is true that plaintiffs are not required to respond to defendants' conclusions of law, there are factual averments in the new matter which plaintiffs have failed to deny. "Under the law, new matter pleading is designed to compel a plaintiff to answer the defendants' affirmative defenses during [sic] pleading stage to avoid unnecessary trial. If the plaintiff answers inadequately, a motion for judgment on the pleadings may be filed." *Pisiechko v. Diaddorio,* 230 Pa. Super. 295, 326 A.2d 608 (1975) (citations omitted) Furthermore, the plaintiffs' failure to answer allows the court to treat those averments as admitted and, therefore, judgment on the pleadings may be properly granted. *Id.* at 301, 326 A.2d at 611, n.2.

## ORDER

And now, December 31, 1992, based upon the foregoing, defendants' motion for non pros is granted, the plaintiffs' complaint is hereby dismissed with prejudice.